A. J. BOST v. L. C. LASSITER et al.

*Injunction—Lien—Action to Enforce—Judgment Creditor.*

In April, 1886, the plaintiff recovered and had docketed a judgment against P., who, prior to that date, had entered into a contract with S. for the purchase of certain lands, and had paid a portion of the purchase-money. In 1889, S., without the knowledge of plaintiff, recovered judgment against P. for balance of purchase-money, and a decree to sell the land if the judgment was not paid by a certain day, and was proceeding to sell the land under the decree when the plaintiff brought an action to declare and enforce his lien, and for an injunction against sale pending that suit: *Held*—

1. That the plaintiff's action was properly brought, and that he could not have asserted his equity in the action between S. and P.

2. That, under the circumstances, an injunction to the hearing was proper, particularly as the complaint alleged, and there was some evidence to prove, that the judgment for the balance of the purchase-money was collusive.

3. That the fact that plaintiff's debt had other securities, did not prevent him from asserting his lien on the land.

This was a CIVIL ACTION, pending in CABARRUS County, heard upon application for injunction, before *Shipp, J.*, at Chambers, February 18, 1890.

The plaintiff alleges, in substance, that since April, 1886, he has had a docketed judgment in the Superior Court of the county of Cabarrus, against the defendant C. A. Pitts and two other persons, his sureties therein for $1,500, interest

and costs; that before that time, in 1874, Sally Pitts, the mother of the said C. A. Pitts, purchased two tracts of land, specified, situate in said county, at a judicial sale, and afterwards, a proper deed therefor was executed to her on the 26th of April, 1876; that the said C. A. Pitts paid the purchase-money for the said land, and, on the 27th of April, 1876, the said Sally executed to him a paper-writing in respect to and concerning the same, whereof the following is a copy:

" This writing witnesseth, that whereas, my son, Caleb A. Pitts, has advanced to me large sums of money to enable me to secure the lands whereon I now live, in Cabarrus County, N. C., and has, in fact, advanced and paid all the cash actually paid thereon; and whereas, my said son has also offered me a home and support with him during my life—

Now, therefore, in consideration of the premises and the sum of one dollar to me paid, I hereby bargain and sell, convey and confirm unto said Caleb A. Pitts, his heirs and assigns, all of my interest, right and title in and to said lands, consisting of two separate interests or tracts as bid off by me at the sale of the administrator of my deceased husband, Moses Pitts; and I hereby authorize the proper officer or person to make the deeds for said lands directly to said Caleb A. Pitts, on the payment of the balance of the purchase-money—

To have and to hold, with the appurtenances, to him, his heirs and assigns forever, and with all rights of action and of warranty, and to this deed I bind myself, my heirs and assigns. My hand and seal this the 27th day of April, 1876.

SALLY PITTS. [Seal.]

Test: James Linker."

The plaintiff further alleges:

"8. That on the 2d September, 1887, the said Sally Pitts caused a summons to be issued from the Superior Court of Cabarrus County in her favor, as plaintiff, and against the defendant C. A. Pitts, returnable at Fall Term, 1887, but that no complaint was filed until Spring Term, 1889, when a complaint was filed in the name of Mrs. L. C. Lassiter, executrix of Sally Pitts, deceased, L. C. Lassiter and Mary E. Pitts, plaintiffs, and against the defendant C. A. Pitts, alleging, in substance, that the said Gibson had executed the deed heretofore mentioned to the said Sally Pitts, and that, shortly after her purchase, said Sally Pitts contracted with her son, C. A. Pitts, to sell him the two tracts of land mentioned, and that said C. A. Pitts had paid all the purchase-money except the sum of eight hundred dollars, which sum, with interest at eight per cent. from March 1, 1887, was due from the said Pitts; that no deed had been executed by the said Sally to the said C. A. Pitts; that said Sally was dead, leaving a will which had been duly probated, appointing the said L. C. Lassiter executrix, and devising and bequeathing all her property and estate to the said L. C. Lassiter and Mary E. Pitts; that the said Lassiter and Mary E. Pitts elected to confirm the said contract."

"9. That at Fall Term, 1889, the said C. A. Pitts, being largely involved, from carelessness, inadvertence, or some other purpose, filed no answer, and judgment by default was rendered against him for the sum of $800, with eight per cent. interest from March 1, 1887, and, unless the said sum was paid in thirty days, that the said L. C. Lassiter advertise said tracts of land for four weeks, and sell the same to the highest bidder at public sale at the court-house door in Concord, for cash, and, out of the proceeds of sale, first pay the said judgment and costs, including reasonable attorneys' fees, and pay the surplus over to said C. A. Pitts.

"10. That this plaintiff had no knowledge or information of any such action or judgment until the land was advertised to be sold, or a few days prior to the advertisement.

"11. That either of said tracts of land is of sufficient value, as plaintiff is informed and believes, to satisfy the said debt of $800, and interest and costs, if any such is due.

"12. That this plaintiff had no knowledge or information that the said Sally Pitts had executed the said deed of April 26th, 1876, until a few days since.

"13. That the said L. C. Lassiter has advertised the said tracts of land for sale at the court-house door in Concord on Monday, the 3d day of February, 1890, for cash, and proposes to sell the same according to the provisions of the judgment of Fall Term, 1889.

"14. That, as stated above, the defendant C. A. Pitts has no property to pay plaintiff's judgment, and plaintiff insists that, under the deed of April 26th, 1876, the said C. A. Pitts had such an interest in said lands as subjected the same to the lien of his judgment."

Wherefore, plaintiff demands—

"1. That the said judgment and decree rendered at Fall Term, 1889, in favor of L C. Lassiter, executrix of Mary E. Pitts, L. C. Lassiter and C. A. Pitts, in so far as it declares the judgment to be a lien on the lands mentioned, and orders and decrees the lands to be sold and the said judgment, costs and attorneys' fees to be satisfied out of the proceeds of said sale, may be annulled and cancelled, or stricken out.

" 2. That said lands may be sold by the Clerk of this Court upon such terms as to the Court should seem meet and proper, and that the proceeds of sale be applied to the satisfaction of plaintiff's judgment and costs of this action, and the surplus, if any, be paid as the Court may direct.

" 3. That the plaintiff's judgment be declared a lien on the interest or estate of the said C. A. Pitts in said lands.

"4. That the defendant L. C. Lassiter, her agents and attorneys, be restrained and enjoined from selling said land, or said Pitts' interest in said land, and for such other and

further relief as the facts of the complaint may entitle him to, and for costs of action."

The complaint purports to have been filed at Spring Term, 1889, but it was not sworn to until September, 1889.

The defendants, except C. A. Pitts (who did not answer), admit the plaintiff's judgment, and as to the paper-writing, a copy of which is above set forth, from Sally Pitts to C. A. Pitts, they say and allege as follows:

" 5. That, as they are informed and believe, the fifth paragraph of said complaint is untrue. And they specifically deny, as they are informed, advised and believe, that the written instrument, alleged to have been executed by Sally Pitts to C. A. Pitts on the 27th of April, 1876, is, or was ever intended to be, by Sally Pitts or C. A Pitts, more than a mere contract to convey under agreements and conditions hereinafter to be set forth, and omitted therefrom through their mutual mistake and ignorance."

And further answering the complaint herein, these defendants say:

" 1. That, shortly after Sally Pitts purchased said two tracts of land, mentioned in paragraph six of the complaint, at said sale of G. L. Gibson, administrator, she contracted, orally, with C. A Pitts to sell to him said two tracts of land at twelve dollars and fifty cents per acre, she having purchased at said sale said 157-acre tract of land, encumbered with her dower, for five hundred and one dollars ($501), and the 90-acre tract at thirteen dollars ($13) per acre; that the execution, if made, of said written instrument of April 27th, 1876, to C. A. Pitts by Sally Pitts, was in conformity to said oral contract, and subject to it, as a condition precedent, omitted as stated above; that no part of said large amount of purchase-money due Sally Pitts, under said oral contract, has ever been paid, except such sums as C. A. Pitts may have paid of the purchase-money, due on said lands to G.

L. Gibson, administrator, by Sally Pitts, which sums were less than her bids at said sale of Gibson, administrator, to the actual knowledge of these defendants, by five hundred and seventy-five dollars ($575), which Sally Pitts really paid herself to George L. Gibson, administrator, by paying it to said administrator's attorney, Paul B. Means, who received and receipted for the same on the two notes given by Sally Pitts to G. L. Gibson, administrator, under her bids at said sale for said lands.

" 2. That, as these defendants are informed and believe, this action was begun by agreement between this plaintiff and C. A. Pitts, not really for the purpose stated in said complaint, but to hinder and delay these defendants in their just rights, and force them to a further compromise, or to defraud them entirely therein."

They admit that the defendants, other than C. A. Pitts, brought their action and obtained judgment against him as alleged by the plaintiffs, but they deny that it was obtained by collusion with the defendant therein. They allege that it was obtained fairly—that the defendant therein well understood the nature and grounds of the claim against him, &c.

The plaintiff moved at Chambers for an injunction pending action until the hearing upon the merits. The Judge heard the motion upon the sworn complaint, answer, and exhibits, and gave judgment as follows:

" I find, from the pleadings filed, that the plaintiff has a judgment as stated in his complaint, and that Sally Pitts, testatrix, &c., executed the paper-writing set forth in the complaint; that the defendant C. A. Pitts, the same being admitted in the answer, has paid a part of the purchase-money, &c.; that the plaintiff's judgment makes a lien upon his interests, legal or equitable, whatever it may be. It is therefore considered that the restraining order heretofore granted, operating as an injunction, be continued until the hearing. It being considered that the bond heretofore

given operate and continue as an injunction bond, for all purposes."

The defendants having excepted, appealed to this Court.

*Mr. W. J. Montgomery,* for plaintiff.
*Mr. P. B. Means,* for defendants.

MERRIMON, C. J.: The counsel of the appellants, relying on *Long* v. *Jarratt,* 94 N. C., 445, and other like cases, contended earnestly on the argument that the plaintiff should have sought the relief he seeks by this action by a motion, or petition, in the action mentioned, and particularly referred to in the complaint, wherein the present defendants, except C. A. Pitts, were plaintiffs, and he was defendant, because, as he contends, that action is not yet ended, and the subject-matter of the present action was pertinent to, and embraced by, the former. This contention is unfounded.

The purpose of the action referred to was simply to obtain judgment for a balance of the purchase-money of the land, and to sell the latter, if need be, to satisfy the judgment. It was no part of its purpose to settle and adjudicate the rights of third parties who may have had liens like that claimed by the plaintiff, because such liens were not necessarily part of, or incident to, the cause of action, nor was it necessary to pass upon and conclude them in settling and administering the rights of the parties then before the Court.

The purpose of the present action, as we shall presently see, is entirely different and distinct from that of the one referred to. Moreover, the judgment in the latter action was a final one. The matter in litigation—the cause of action—was settled, determined, by it. Nothing remained to be done but to enforce the judgment, and only motions and proceedings for that purpose were pertinent and could be entertained, except motions to set the judgment aside for irregularity, or because of "mistake, inadvertence, surprise or excusable

neglect," as allowed by the statute (*The Code*, § 274); *Smith* v. *Fort* and *McLaurin* v. *McLaurin*, decided at the present term, and cases there cited.

The purpose of this action is to enforce the alleged lien of the plaintiff's judgment upon the interest of the defendant C. A. Pitts, in the land mentioned, which he cannot enforce by ordinary process of execution, because there is some balance of the purchase money of the land yet unpaid. In such case, the party having the lien is put to his action to enforce it. This is done by ascertaining the balance of the purchase-money, selling the land under the order of the Court, if need be, and applying the proceeds of the sale first to the payment of such balance, and then the surplus, or so much thereof as may be necessary, to the discharge of the creditor's lien and debt. *Trimble* v. *Hunter*, 104 N. C., 129, and the cases there cited.

The ground for the plaintiff's application for relief by injunction pending the action is the allegation, in substance and effect, in the complaint—not made as explicit and certain as it should be—that the judgment in the action referred to in favor of the defendant Lassiter, executrix, against the defendant C. A. Pitts was for a greater amount than was due, was collusive and fraudulent, and intended to defeat the rights of the plaintiff and other creditors of C. A. Pitts, &c. The purpose is to prevent the defendants, pending the action, from selling the land to satisfy the judgment so alleged to be fraudulent, thus embarrassing and confusing the plaintiff's rights, and, perhaps, defeating them altogether as to the lien.

The evidence makes it clear that the plaintiff has a judgment, as alleged by him, against the defendant C. A. Pitts; that the latter has an equitable interest in the land specified, and that that judgment is a lien thereupon that may be enforced by this action. The evidence as to the alleged fraudulent judgment is less satisfactory. The matter is not

105—32

free from doubt, in view of the evidence before us. There are facts—some admitted, others denied—that tend to prove fraud; there are others that tend quite as strongly to prove the contrary. The defendants confess and avoid in material respects. They cannot suffer serious injury by delaying the sale of the property until the action can be determined upon its merits. In such a case, the injunction will be continued until the hearing. *Whitaker* v. *Hill*, 96 N. C., 2, and cases there cited.

The defendant alleges and insists that the sureties of the plaintiffs' judgment are solvent, and he might readily collect the judgment from them. It is sufficient to say that he is not bound to collect his debt from them. He has the right, and he may deem it just and his duty, to collect it from the principal debtor.

There is no error. 　　　　　　　　　　　　　　　　　Affirmed.