R. E. BELCHER and WIFE, LUCY, and T. E. JOYNER v. J. E. COBB, ADMINISTRATOR OF WILLIAM WILLIAMS, ET ALS., HEIRS AT LAW OF WILLIAM WILLIAMS.

(Filed 20 October, 1915.)

**1. Judgments—Not Signed by Judge—Validity.**

The validity of a judgment entered in the course and practice of the courts is not affected by the fact that it is not signed by the presiding judge at the bottom.

**2. Trusts and Trustees—Estates—Title in Controversy—Duty of Trustee.**

It is the duty of the trustee to defend and protect the title to the trust estate when in controversy and to defend the action in good faith.

44—169

**3. Same—Courts.**

Where an estate is held in trust for infant *cestuis que trustent*, and their rights thereunder are in controversy, it is for the courts, and not for the trustee, to pass upon them.

**4. Trusts and Trustees—Consent Judgment—Surrender of Rights.**

Where a trustee has successfully established the trust estate in an action calling its validity in question, by the judgment of the court, he may not thereafter consent to a judgment to be entered declaring invalid the instrument creating the trust, and thus destroy the rights of the *cestuis que trustent* thereunder.

**5. Same—Pleas in Bar—Estoppel.**

A consent judgment rests upon an agreement of the parties to the action, and is not the judgment or decree of the court. Hence, a judgment alone consented to by a trustee in excess of his authority and in surrender of the rights of the *cestuis que trustent* under a judgment theretofore obtained will not operate in bar of their rights, for as to them the judgment is null and void.

**6. Trusts and Trustees—Consent Judgment—Relinquishing Rights—Consideration.**

Where the *cestuis que trustent* are seized of a vested remainder in fee under the deed of trust, and in an action involving the validity of the deed the trustee has successfully defended to judgment and then consents to a judgment relinquishing the rights of the *cestuis que trustent* thereunder, the legal effect of the consent judgment is that of a conveyance of the trust estate without consideration, and is null and void.

APPEAL by plaintiffs from *Connor, J.*, at the March Term, 1915, of PITT.

Civil action. His Honor rendered judgment sustaining a plea in bar, and the plaintiffs appealed.

*Albion Dunn for the plaintiffs.*
*Henry A. Gilliam, Donnell Gilliam, F. G. James & Son and F. M. Wooten for defendants.*

BROWN, J. This action is brought to recover certain funds belonging to the estate of William Williams, deceased, in the possession of his administrator, and claimed by his codefendants, the heirs at law and distributees of the intestate.

This property is claimed by plaintiffs as the beneficiaries and *cestuis que trustent* in a deed executed on 17 November, 1902, by William Williams to R. L. Joyner, trustee, conveying the real and personal estate of said Williams in trust to manage and invest the same and apply the income to the support of said Williams during his life, and after his death "to convey and deliver the balance of said estate to the following named persons and in the following proportions, that is to say, he shall convey and deliver to Eli Joyner, son of R. L. Joyner, one-half of the same, and to Lucy Flanagan, daughter of James Flanagan, the other half thereof, and if either shall die before the said William Williams leaving

no issue, then the whole to be conveyed and delivered to the survivor."
The said Eli and Lucy are plaintiffs in this action.

It appears that William Williams has been declared an inebriate-
lunatic by proceedings alleged to be irregular, and that J. R. Davis was
appointed his guardian, and that on 17 December, 1903, he instituted an
action in the Superior Court of Pitt County to declare void said deed
to Joyner and to recover the estate of said Williams from Joyner's pos-
session.

The trustee, Joyner, answered, and stated, among other things: "That
as trustee of the said William Williams nothing has ever come into his
hands belonging to said estate, and that he will await an adjudication of
this cause; but if the court shall be of the opinion that the said William
Williams was fully competent to execute the trust made to this defendant,
then he is willing to accept said trusteeship and endeavor to carry out
its provisions."

This action came on to be tried before *Neal, judge,* and a jury, at
March Term, 1907, and at the conclusion of the evidence a motion to
nonsuit the plaintiff was sustained.

On 18 December, 1902, proceedings for partition were commenced in
said county for division of the estate of Eli Williams among his heirs
at law, all of whom were parties. William Williams was an heir at law
of said Eli and derived his entire estate from him. In that proceeding
it was adjudged, among other things, "that R. L. Joyner, trustee of Wil-
liam Williams, is the owner of an undivided one-half interest in and to
the lands described in the petition," and directed the payment by the
commissioner to said trustee of a certain part of the proceeds of the sale.

*Judge Neal* sustained the motion to nonsuit upon the ground that the
aforesaid partition proceedings and decree were an estoppel upon the
heirs, distributees, and representatives of William Williams, and con-
firmed the title of Joyner, trustee, under the deed. There is a judgment
to that effect in the record, as follows:

NORTH CAROLINA—Pitt County.

    Superior Court, March Term, 1907.

                          (Title of cause.)

    Before Hon. W. H. Neal, judge presiding.

This cause coming on for hearing, and at the conclusion of the evi-
dence introduced on behalf of both the plaintiff and the defendants, his
Honor announced his purpose to instruct the jury that the plaintiff was
not entitled to recover of the defendants or either of them in this action
for the reason that the record of the proceedings in the suit of *Edward
Flanagan et als. v. W. W. Cobb et als.,* for the sale of the lands of Eli
Williams, deceased, instituted before the clerk of the Superior Court of

said county on 18 December, 1902, together with all orders and decrees entered therein, constituted an estoppel of record against the plaintiff which precluded his recovery in this action both in respect to the sum of $2,150, one-half of the interest of William Williams in the proceeds of the sales of the lands of Eli Williams, deceased, paid each to Oscar Hooker, assignee, and R. L. Joyner, trustee, as alleged in paragraph 18 of the complaint, as well as the $5,000 or more, the interest of William Williams in the personal assets in the hands of the administrator of Eli Williams, whereupon, in consequence of such intimation of his Honor, the plaintiff was allowed to submit to a judgment of nonsuit, for the purpose of an appeal to the Supreme Court to test the correctness of his Honor's rulings as aforesaid. It is further ordered and adjudged that the cost of this action be taxed against the plaintiff J. R. Davis, guardian of William Williams.

It is true that this judgment is unsigned at bottom, but that does not invalidate it. *Keener v. Goodson*, 89 N. C., 273. There is another formal judgment of nonsuit signed by *Judge Neal*, copied in appellants' brief, that we fail to find set out in the record. It is admitted that the appeal to the Supreme Court by the plaintiff J. R. Davis, guardian, was never perfected, but was abandoned. Thereupon at April Term, 1907, *Judge Lyon* presiding, a judgment by consent of all parties, including R. L. Joyner, trustee, was entered, declaring the deed in trust of 17 November, 1902, null and void; that it be vacated and set aside, and that the plaintiff Davis, guardian, recover of Joyner, trustee, as well as of the administrators of Eli Williams, the entire estate of William Williams in their possession.

This consent judgment is pleaded as an estoppel in bar of this present action. The judge below sustained the plea and dismissed it. The correctness of this ruling is the only question before us.

It is contended that the consent judgment is void: (1) because it is admitted that the *cestuis que trustent* were not parties to the action; (2) because it is admitted that they were infants at the time, and, therefore, the consent judgment is void as to them, it appearing upon its face that the trustee made no defense, but wrongfully surrendered their rights.

As a general proposition, it is held that, it being the duty and within the power of the trustee to defend the estate committed to his care, he may institute or defend actions relating thereto without joining the *cestuis que trustent* as parties, and in the absence of fraud, they are bound by the judgment rendered therein. Accordingly it was held in *Hancock v. Wooten*, 107 N. C., 9, that in an action to set aside a fraudulent assignment, the *cestuis que trustent* are not necessary parties, and they will, in the absence of *bad faith* on the part of the trustee, be bound by his acts. In that case the assignment was for the benefit of a large number of

creditors and the deed conferred many duties and powers upon the trustee. It may well be doubted if that principle will apply to such a trust as the one before us, which, so far as these plaintiffs are concerned, is a naked trust, the only duty imposed and the only power conferred upon the trustee being to convey and deliver to the plaintiffs, at Williams' death, the property described in the deed. Mr. Perry holds that if the object of the action is to destroy or charge the estate of the *cestui que trust,* he is a necessary party. 2 Perry on Trusts, sec. 883. But it is not necessary to decide that controversy now. We are of opinion that the second ground upon which the plaintiffs rest their case is sound in law as well as in morals.

*Mr. Justice Lamar,* now of the Supreme Court of the United States, said, in respect to this subject: "It required neither express power in the deed nor an order from the chancellor to authorize or require the trustee to defend the estate committed to his care. That was a prime duty imposed by his appointment." *Miller v. Butler,* 49 S. E. Rep., 755.

Perry declares that it is the duty of the trustee to defend and protect the title to the trust estate and to defend the action in good faith. Perry on Trusts, sec. 328. But this proposition is self-evident. It is all the more true where the rights of infants are at stake.

The trustee's plain duty was to defend their interests before the court. It has been held that a guardian *ad litem* or next friend has no power to submit for the infant his cause to arbitration, even though the submission be a rule of court. *Milsaps v. Estes,* 134 N. C., 486.

It is contended that the trustee Joyner had no defense, as Williams had been declared to be a person *non compos.* It is for the court and not for the trustee or guardian to pass on the infant's rights. But in this instance the trustee had a very potent defense. He had made it at the trial before *Judge Neal* and the court had pronounced judgment in his favor, confirming the title of the *cestuis que trustent.* The plaintiff Davis had taken an appeal to the Supreme Court and abandoned it. Not only did the trustee Joyner have an apparently good defense, but he had asserted it and won his case. Notwithstanding the fact that he had a judgment in his favor, at next term of the court, before *Judge Lyon,* this trustee consented to another judgment setting aside the one in his favor which validated the title of the *cestuis que trustent* and declaring that the plaintiff J. R. Davis, guardian of William Williams, is the owner of and entitled to the estate of William Williams, and that the deed in trust to Joyner of 17 November, 1902, be declared null and void.

It is not necessary for us to hold that such a complete and unwarranted surrender of the estate of his *cestuis que trustent* by the trustee is some evidence of fraud, but we do say that it was plainly beyond his power to make, and in this particular it matters not whether the *cestuis que trustent* are infants or adults.

A judgment by consent is not the judgment or decree of the court. It is the agreement of the parties, their decree, entered upon the record with the sanction of the court. It is the act of the parties rather than that of the court. *Harrison v. Dill, ante,* 542; *Lynch v. Loftin,* 153 N. C., 270.

The *cestuis que trustent* under the deed were seized of a vested remainder in fee in the estate of William Williams, the title to which had been confirmed in them by the judgment of the Superior Court at March Term. The legal effect of this consent decree at April Term was to convey the entire estate of the *cestuis que trustent* to the plaintiff Davis. The consent judgment was nothing more or less than an attempted absolute conveyance, without even any consideration of the property of the *cestuis que trustent* by the trustee.

It is beyond our comprehension why such a complete surrender should have been made. But it is quite plain that the trustee had no power to make it, and that as to these *cestuis que trustent* the consent judgment is null and void. The trustee had no more power to convey the estate of his *cestuis que trustent* in that manner than he would have to convey it by a deed in fee. A guardian cannot convey away his ward's estate except by proper legal proceedings, and this trustee is bound by similar limitations, as he was vested with no such power either by legal decree or by the terms of the trust.

We are of opinion that as to the plaintiffs in this action the consent decree is void, and that the judge below erred in sustaining the plea in bar. The cause is remanded, to the end that the other issues raised by the pleadings be determined according to law.

Reversed.