D. A. GASTER v. D. J. THOMAS, ADMINISTRATOR OF ELIZABETH ISABELLA THOMAS, DECEASED.

(Filed 8 October, 1924.)

1. Judgments—Motion to Set Aside—Courts—Jurisdiction—Consent.

   While ordinarily the judge may not hear a motion to set aside a judgment outside of the county wherein the action was brought, this may be done by him with the consent of the parties.

2. Same—Appeal and Error—Findings of Fact.

   On appeal, the findings of fact by the Superior Court judge on a motion to set aside a judgment by default, the findings of the Superior Court judge upon supporting evidence are conclusive.

3. Same—Statutes—Excusable Neglect.

   Where it appears upon defendant's motion to set aside a judgment by default, C. S., 600, that the same was regularly calendared for trial, the

defendant had notice thereof and was afforded full opportunity to file his answer, but that his attorney had failed to do so, and that the judgment was accordingly rendered, he has not shown such excusable neglect as will entitle him to have the judgment set aside on his motion under the provisions of the statute.

APPEAL by defendant from *Midyette, J.,* at June Term, 1924, of LEE.

*A. A. F. Seawell and Gavin & Jackson for plaintiff.*
*W. R. Clegg and H. F. Seawell for defendant.*

CLARKSON, J.   The court below found the following facts:

This cause coming on to be heard upon an appeal from the judgment of the clerk of the Superior Court, upon the motion of the defendant to set aside the judgment by default before the clerk and the verdict and judgment upon the inquiry of damages rendered before his Honor, J. Loyd Horton, judge, and a jury, at the May Term, 1923, of Lee Superior Court, and plaintiff through his counsel, having entered a special appearance and moved to dismiss the said appeal for the reason that the clerk did not have jurisdiction and was without authority to hear a motion to set aside a verdict and judgment rendered in term time, and for the further reason that the said defendant failed to perfect his case on appeal, in that said motion was passed upon and appeal taken on 24 November, 1923, and nothing further done in the premises and no effort made by the appellant to perfect said case, or to have the case made up by the clerk and sent to this Court on appeal, until the same was brought up for hearing at the May Term, 1924, of the Lee Superior Court.

After hearing the said motion, the same was overruled, to which plaintiff excepted, and by consent of the parties, plaintiff was permitted to file affidavits and to argue the case on its merits, without prejudice to his right on his motion to dismiss the appeal.

That the hearing of the said motion was not completed for the reason that the defendant desired to file counter affidavits to the affidavits of E. L. Gavin and D. E. McIver, filed by plaintiff, and this motion was continued, by consent of the parties, for further hearing at Lillington, Harnett County, on 20 May, 1924, and on 20 May, 1924, upon request of counsel for defendant, the same was continued to be heard at Goldsboro, Wayne County, on 30 May, 1924, and at said date said hearing was continued to be heard at Goldsboro, N. C., on Wednesday, 4 June, 1924.

After hearing the evidence of plaintiff and defendant, submitted by affidavits, and the argument of counsel for plaintiff and defendant, the Court finds the following facts from the evidence offered.

1. That summons was issued on 9 August, 1922, and personally served on the defendant on 10 August 1922, and returnable 28 August, 1922.

2. That on 28 August, 1922, plaintiff filed a duly verified complaint.

3. That on the first Monday in November, 1922, the defendant having failed to answer or otherwise plead to the complaint, or to ask for time in which to do so, a judgment by default and inquiry, as appears of record was rendered by the clerk of the Superior Court.

4. That at the May Term, 1923, of Lee County Superior Court, said cause was duly calendared, and the calendar published in the newspapers of Lee County, and the same came on for hearing before the judge and jury upon an inquiry as to the damage, and the jury having answered the issues, a judgment was duly signed thereupon, as appears of record.

5. That on 28 August, 1922, the defendant, who is a resident of Moore County, employed W. R. Clegg, an attorney of Carthage, N. C., and practicing in the courts of Lee County, who claimed that they appeared before the clerk on the return day of said summons, to wit, 28 August, 1922, and at that time, which was in the forenoon, no complaint was then on file.

6. The defendant in this affidavit avers that both he and his counsel, in neglecting to file an answer to the complaint, relied solely upon the promise of the clerk of the Superior Court to notify them when the complaint was filed, and the court finds as a fact that if such promise was made by the said clerk, that they did so rely.

7. That if the clerk had made the promise to the defendant and his counsel, to notify them when the complaint was filed, this did not relieve the defendant of his duty to exercise ordinary care in the defense of said action, and that the defendant or his counsel never, at any time after the 28th day of August, 1922, made any effort or inquiry of the clerk or any one else in his office to ascertain whether the complaint had been filed, although defendant and his counsel were both in the clerk's office several times after the institution of said action and the filing of the complaint therein, and before the default judgment was rendered, and could or should have, with the exercise of ordinary care, ascertained that the complaint had been filed.

8. That long prior to the institution of this action, plaintiff filed with the defendant an itemized account showing in detail the amount claimed by the plaintiff, and the defendant was well aware of the plaintiff's claim and demand.

9. That the defendant and his counsel were in the office of the clerk of Superior Court on the 12th day of September, 1922, on a motion to set aside a sale in a partition proceeding wherein this plaintiff was defendant and this defendant was plaintiff, and defendant and his

counsel were again in the office of the clerk of the said court on 6 October, 1922, at which time defendant's counsel and plaintiff's counsel signed a consent order for a resale of the said land, and on numerous occasions subsequent to said date, the defendant and his counsel were in said clerk's office, and at no time did they make inquiry or any effort whatsoever to ascertain whether or not a complaint had been filed in this cause.

10. That at the hearing of the motion on 6 October, 1922, at which time the consent order was made in the said special proceeding, plaintiff's counsel then and there told defendant and his counsel of this action, and that the complaint had been filed, and warned them that he was going to take judgment unless they filed an answer, and said W. R. Clegg, in the presence of the defendant, then and there stated that he would look after that at the proper time.

11. That from the time of the filing of the complaint on 28 August, 1922, until the time of making the motion to set aside the judgment in this cause, on 6 November, 1923, neither the defendant nor his counsel made any effort to file an answer, nor asked for time in which to do so, nor made any effort whatsoever to defend action. In the meantime, the regular March term of Lee Superior Court was held, beginning on the fourth Monday in March and continuing for two weeks.

12. That the defendant has not exercised such care and diligence as an ordinary man gives to his important business, and his negligence, as well as that of his attorney in this case, is inexcusable.

13. That for the purpose of this motion, the court finds that the defendant has a meritorious defense.

Upon the foregoing findings of fact the court finds and so holds that the judgment entered on 6 November, 1922, and the verdict of the jury and the judgment of the court thereupon, at the May, 1923, term of Lee Superior Court, were not taken against the defendant through his mistake, inadvertence, surprise and excusable neglect, and therefore denies the motion of the defendant to set the same aside.

Done at Goldsboro, 4 June, 1924.

It is well settled in this State that the court below has no jurisdiction to hear and determine a motion to set aside a verdict and judgment of the Superior Court except in the county where the judgment was rendered, unless by consent, *Godwin v. Monds,* 101 N. C., p. 354; *Cahoon v. Brinkley,* 176 N. C., p. 5.

The only serious question presented is to the court below hearing the motion out of the county.

"This Court is bound by the findings of fact made by the court below if such findings are supported by any competent evidence. This is now the well settled law of this State." *Clegg v. Clegg,* 186 N. C., p. 34 and cases cited.

There was competent evidence for the court below to find that the case was continued by consent to be heard out of Lee County, and at Lillington, Harnett County, on 20 May, 1924.

From the correspondence in the record it appears that the court below gave defendant's counsel ample notice as to the time of the hearing when it was continued to be heard at Goldsboro, both on 30 May and 4 June, 1924. There is no dispute as to this. Having consented for the motion to be heard out of Lee County, and the defendant's counsel having had abundant notice to be present at the hearing in Goldsboro, we think the hearing by the court below on 4 June, 1924, at Goldsboro, is not prejudicial or reversible error, and defendant's assignment of error cannot be sustained.

The motion in the cause to set aside the verdict and judgment is based on C. S., 600, which is as follows:

"The judge shall, upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, order, verdict or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect, and may supply an omission in any proceeding."

The findings of facts in this case do not show a case of mistake, inadvertence, surprise, or excusable neglect.

This Court has held that "When a man has a case in court, the best thing he can do is to attend it." *Pepper v. Clegg,* 132 N. C., 316. It has also been held that a person having a suit in court "shall give it that amount of attention which a man of ordinary prudence usually gives to his important business." *Sluder v. Rollins,* 76 N. C., p. 272; *Roberts v. Allman,* 106 N. C., 391; *School v. Peirce,* 163 N. C., p. 427; *Cahoon v. Brinkley, supra.*

In *School v. Peirce, supra,* p. 428, it was said: "It early grew into one of the cardinal maxims of the law, that it will assist those who are diligent and not those who sleep on their rights, and the law will not take from him who has been thus diligent, what he has secured thereby, and turn it over to him who has lost by his inaction. Broom's Legal Maxims (6 Am. Ed.), star page 857."

In *McLeod v. Gooch,* 162 N. C., p. 126, it was said: "A party has no right to abandon all active prosecution of his case simply because he has retained counsel to represent him in the court."

In *Pierce v. Eller,* 167 N. C., p. 675, it is said: "It has been held repeatedly by this Court that persons of sound mind who are served

with process must be active and diligent, and that if they fail to give litigation the attention which a man of ordinary prudence usually gives to his important business, they can have no relief under the statute."

From a careful reading of the record, there was competent evidence for the court below to find the facts as stated. We are bound by the findings. The facts are full to show inexcusable neglect and it is needless for us to comment on them. It may not be amiss to say that litigants and attorneys both must be vigilant and diligent and use ordinary prudence to keep up with the orderly course of the court procedure. "And right and justice administered without sale, denial or delay." (Part of Art. I, sec. 35, Const. of N. C.)

The assignment of error cannot be sustained. The judgment of the court below is

Affirmed.