This is an injunctive proceeding, brought by plaintiff against defendants, to restrain them from selling a certain piece of land on which plaintiff claimed a first lien. This was denied by defendants, who claimed a first lien.
The plaintiff in his complaint alleges that on 4 January, 1930, T. B. Finley and wife, C. L. Finley, made and executed a deed of trust to Julius A. Rousseau, trustee for plaintiff, to secure the sum of $10,000, said deed of trust was duly recorded. The lot set forth in said deed of trust was in the town of North Wilkesboro and fully described.
The plaintiff further alleges: "That on _____ February, 1925, the said T. B. Finley and wife executed to H. A. Cranor, trustee, for the benefit *Page 689 
of Mrs. Bessie C. McElwee, a deed of trust, which deed of trust is recorded in Book 131, page 293, in the office of the register of deeds of Wilkes County, conveying, among other property, the same property as above described, and being the second tract in said deed of trust. That on 7 January, 1930, the said H. A. Cranor, trustee, for value received, made a marginal entry on said deed of trust, which is as follows: `For value received, the second tract in this deed of trust is fully released from this deed of trust and canceled. Signed, H. A. Cranor, Trustee. Witness: T. H. Settle, Register of Deeds.' That this plaintiff loaned to T. B. Finley and wife, C. L. Finley, the sum of $10,000, in good faith, and paid over the money after the said H. A. Cranor, trustee, had released and canceled from the operation of the deed of trust executed by T. B. Finley and wife to him, as trustee. . . . That the said defendants now have said tract of land advertised for sale on 21 September, 1935, at 12 o'clock noon, at the courthouse door in Wilkes County, and will sell said property unless they are enjoined and restrained from so doing, and if said property is sold that this plaintiff will suffer great damage and irreparable wrong. Plaintiff further alleges in that the defendant, Mrs. Bessie Cranor McElwee, caused her trustee, H. A. Cranor, to release and cancel from the operation of her deed of trust the lot located on the west side of Tenth Street, in the town of North Wilkesboro, as hereinbefore described from the operation of said deed of trust, that she is now estopped, and that the trustee is now estopped, they having no title to same from selling said lot, and that plaintiff has had his trustee, Julius A. Rousseau, to advertise said property for sale on 23 September, 1935, at 12 o'clock noon, at the courthouse door in the county of Wilkes, and that unless the defendants are restrained from foreclosing or attempting to foreclose, this plaintiff will suffer great damage and irreparable wrong. That there is now due upon said deed of trust held by this plaintiff the sum of $10,000, with interest from date, in order to satisfy said deed of trust it is necessary that this plaintiff sell said lot hereinbefore described free and clear from encumbrances. When plaintiff made said loan he relied on the release and cancellation of said deed of trust by H. A. Cranor, trustee, who, as this plaintiff is advised, informed, and believes, has represented thecestui que trust, Mrs. Bessie C. McElwee, for a number of years, he being a brother to her, and had full authority and power to release and cancel said deed of trust, and they are now estopped from claiming any interest in the lot hereinbefore described, and that the attempt of the defendants now to foreclose said property casts a cloud upon the title to said property and, unless they are enjoined and restrained from selling or attempting to sell, this plaintiff will suffer great damage and irreparable wrong."
On 20 September, 1935, Judge Wilson Warlick issued a restraining order, as follows: "It is therefore ordered, considered, decreed, and *Page 690 
adjudged that the defendants, and each of them, their attorneys and representatives be and they are hereby enjoined and restrained from selling the lands described in the complaint on 21 September, 1935, and they are further required to appear before his Honor, F. Donald Phillips, Judge holding courts in the 17th Judicial District, on Wednesday, 2 October, 1935, at Wilkesboro N.C. at 10 o'clock a.m., and show cause, if any cause they have, why this order should not be made permanent or continued until the final hearing. This order does not affect any property advertised by the defendants, except the lot described in the petition."
The defendant, Mrs. Bessie Cranor McElwee, demurs to the complaint of the plaintiff upon the following grounds:
"1. That the complaint does not state facts sufficient to constitute a cause of action; in that the plaintiff's complaint, upon its face, shows that on 4 January, 1930, the plaintiff took a deed of trust from T. B. Finley and wife, C. L. Finley, to secure $10,000, as shown by paragraph 2 of the complaint. Paragraph 3 of the complaint shows that the deed of trust of this defendant, upon 4 January, 1930, was the first mortgage on the tract of land described in paragraph 2, and that the mortgage of the plaintiff was a second mortgage, and does not allege that the purported release placed on the defendant's deed of trust by H. A. Cranor, trustee, was placed there at the instance of the plaintiff or that any value proceeded from him. That said complaint does not show any authority from this defendant to H. A. Cranor, trustee, to make the purported entry now found on her deed of trust, or that this defendant ever received anything of value therefor; and further, as a matter of law, shows that said purported entry is not such entry as a trustee is authorized to make, and was not made until three days after the plaintiff's deed of trust, if made at all.
"2. That the court has no jurisdiction of the action, the same being brought before the clerk of the Superior Court of Wilkes County, and the complaint directed to said clerk.
"This 23 September, 1935. W. H. McElwee, Attorney for Defendant, Mrs. Bessie Cranor McElwee."
Thereupon defendant, Mrs. Bessie Cranor McElwee, filed an affidavit and petition: "That said deed of trust was issued to this affiant with H. A. Cranor as trustee therein, to whom no power was delegated, except the powers set forth in the deed of trust, and no authority was granted him any time thereafter to release the lands described in paragraph 2 of the answer from the lien of said deed of trust. That your affiant was no party to said purported release, and has received no money therefor. That your affiant commanded H. A. Cranor, trustee, to sell under said deed of trust, and the said trustee did advertise said property, *Page 691 
including the lot set out in paragraph 2 of the complaint in this action, and the sale was set for 12 o'clock on 21 September, 1935, at which time the plaintiff served a restraining order upon one of your affiant's attorneys, W. H. McElwee, and on H. A. Cranor, trustee, restraining said sale. That said sale was held as to all other property described in your affiant's deed of trust, which property only brought the sum of $2,000, and the balance due on her said deed of trust after applying the proceeds of said sale will be more than $13,000. That your affiant has filed a demurrer to said complaint, as shown by the files in said action. That the plaintiff, as your affiant is informed and believes, has caused said restraining order to be served upon herself, and her trustee, for the purpose of enabling the plaintiff to get priority of sale of the said lot of land and thereby defeat her deed of trust as to said lot, and unless the plaintiff is also restrained from selling said lot (which sale he has set for Monday, 23 September, 1935, at 12 o'clock noon), your affiant will suffer great and irreparable damages in the sum of the balance due on her said deed of trust, which will be more than $13,000. Wherefore, your affiant prays the court that J. A. Rousseau, trustee, be made a party to this action, and that he and the plaintiff be enjoined and restrained from selling said lot of land under his said mortgage prior to the sale of said lot under her deed of trust."
On 23 September, 1935, Judge Wilson Warlick issued a restraining order as follows: "It is, therefore, ordered that the plaintiff S. V. Tomlinson, and J. A. Rousseau, trustee, their attorneys and agents, be and they are hereby enjoined from selling the lands described in the complaint and in this affidavit on 23 September, 1935, or at any other time until further orders from the court, and they are further required to appear before his Honor, F. Donald Phillips, on Wednesday, 2 October, 1935, in Wilkesboro, North Carolina, at 10 o'clock a.m., and show cause, if any they have, why this order should not be made permanent or continued to the final hearing of the action upon its merits."
The restraining orders came on for hearing before Judge Phillips, who found certain facts and made the following order: "It is therefore ordered that the temporary restraining order, in favor of the plaintiff, is dismissed and dissolved, and that the temporary restraining order issued in favor of defendants is sustained and made permanent, except the plaintiff is entitled to his sale as a second lien." The plaintiff excepted and assigned errors to the findings of fact set forth in the judgment — that J. A. Rousseau, trustee, was not made a party and to the judgment as signed, and appealed to the Supreme Court.
It is well settled in this jurisdiction that the record imports verity. The case in this Court is determined on the record.
In the present case the defendants filed no answer denying the allegations of the complaint, but demurred to same. From the record this demurrer has not been passed on.
The brief of defendants deals with matters de hors the record, and some of the material matters therein debated are not now before us. The court below made the following order: "That the temporary restraining order, in favor of the plaintiff, is dismissed and dissolved, and that the temporary restraining order issued in favor of the defendants is sustained and made permanent, except the plaintiff is entitled to his sale as a second lien." The temporary restraining orders were obtained by both plaintiff and defendants from Judge Warlick, and set for hearing, and were heard before Judge Phillips, at the same time and place.
In Bost v. Lassiter, 105 N.C. 490 (498), we find: "They cannot suffer serious injury by delaying the sale of the property until the action can be determined upon its merits. In such a case, the injunction will be continued until the hearing. Whitaker v. Hill, 96 N.C. 2, and cases there cited."
In Sutton v. Sutton, 183 N.C. p. 128, it was held: "Upon the hearing by the judge upon the question of continuing a restraining order to the hearing, the judge, upon proper findings, may dissolve the temporary order, but in doing so it is error for him to also determine an issue of fact, material to the rights of the parties, and which should be reserved for the injury to pass upon at the trial." Grantham v. Nunn, 188 N.C. 239 (242); McIntosh, N.C. Prac. and Proc. in Civil Cases, sec. 876, p. 994.
In Galloway v. Stone, 208 N.C. 739 (740), Devin, J., says: "A permanent or perpetual injunction issues as a final judgment which settles the right of the parties, after the determination of all issues raised. McIntosh N.C. Prac. and Proc., secs. 848, 849."
The court below dismissed and dissolved the temporary restraining order theretofore issued in favor of plaintiff. This was error on the facts of this record. The issue of fact material to the rights of plaintiff should have been continued to the final hearing. The record also discloses that the demurrer of defendants to plaintiff's complaint was not passed on, nor was the question of making J. A. Rousseau, trustee, a party passed on. We may state that the record is not clear, and is somewhat ambiguous.
The cause was ably argued in this Court by T. C. Bowie, Jr., one of the attorneys for plaintiff.
For the reasons given, the judgment of the court below is
Reversed. *Page 693