IN THE SUPREME COURT OF NORTH CAROLINA

No. 119PA15

Filed 18 March 2016

IN THE MATTER OF:  N.T.

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, ___ N.C. App. ___, 769 S.E.2d 658 (2015), vacating an order entered on 7 May 2014 by Judge Monica M. Bousman in District Court, Wake County. Heard in the Supreme Court on 15 February 2016.

> *Office of the Wake County Attorney, by Roger A. Askew and Claire H. Duff, for petitioner-appellant Wake County Human Services.*
>
> *Poyner Spruill LLP, by John Michael Durnovich, for appellant Guardian ad Litem.*
>
> *W. Michael Spivey for respondent-appellee father.*

JACKSON, Justice.

In this case we consider whether a juvenile petition was properly verified when the signature of the person before whom it was verified is illegible and nothing in the record identifies that person's name or title.  In light of the presumption of regularity which places the burden of proof on the party challenging jurisdiction, we conclude that respondent has failed to show that the petition was not properly verified. Accordingly, we reverse.

On 21 May 2012, Wake County Human Services (WCHS) obtained non-secure custody of N.T. On 22 May 2012, WCHS filed a juvenile petition alleging that N.T. was a neglected juvenile. The petition contains a section for an authorized representative of the director of WCHS to sign and verify the following statement: "Being first duly sworn, I say that I have read this Petition and that the same is true of my own knowledge, except as to those matters alleged upon information and belief, and as to those, I believe it to be true." It is signed by Diamond Wimbish. The verification section also designates a space for "Signature of Person Authorized to Administer Oaths," which is signed with the letter "C" followed by an illegible signature. Although there is also a space for the person's title, the space has not been filled in with any title.

The trial court entered an adjudication order concluding that N.T. was a neglected juvenile and continuing custody of N.T. with WCHS. Subsequently, the trial court ceased reunification efforts and changed the permanent plan for N.T. to adoption. On 24 September 2013, WCHS filed a motion to terminate parental rights alleging grounds of neglect, failure to make reasonable progress to correct the conditions that led to N.T.'s removal from the home, and failure to pay a reasonable portion of the cost of care. On 7 May 2014, the trial court entered an order terminating the parental rights of respondent and N.T.'s mother. Respondent appealed.

In a published opinion filed on 17 March 2015, the North Carolina Court of Appeals vacated the order terminating parental rights. *In re N.T.*, ___ N.C. App. ___, ___, 769 S.E.2d 658, 661 (2015). The Court of Appeals stated that "[a] trial court's subject matter jurisdiction over all stages of a juvenile case is established when the action is initiated with the filing of a properly verified petition." *Id.* at ___, 769 S.E.2d at 660 (quoting *In re T.R.P.*, 360 N.C. 588, 593, 636 S.E.2d 787, 792 (2006)). After reviewing the record and noting the illegible signature on the juvenile petition, the Court of Appeals concluded that the trial court never obtained subject matter jurisdiction over this case because "[n]othing in the record . . . establishes that the person before whom the petition was verified was authorized to acknowledge the verification." *Id.* at ___, 769 S.E.2d at 661. In a footnote the Court of Appeals acknowledged that WCHS had requested to amend the record to include an affidavit from Wake County Magistrate Christopher H. Graves stating that the illegible signature was his and that he signed the petition in his official capacity as a magistrate. *Id.* at ___ n.2, 769 S.E.2d at 661 n.2. However, the court determined that the affidavit could not be considered because it had not been a part of the record before the trial court. *Id.* at ___ n.2, 769 S.E.2d at 661 n.2. We allowed WCHS's petition for discretionary review.

In its appeal WCHS argues that, although it is the better practice for a judicial officer who acknowledges a verification to identify his or her name and office, the absence of this information does not render the verification invalid. In response,

respondent contends that a juvenile petition must be verified before a person who has the authority to administer oaths. Respondent asserts that here the affidavit of verification "fails to show that the truth of the contents of the petition were sworn to or affirmed before an officer having authority to administer an oath." We disagree with the latter assertion and conclude that respondent had the burden of showing that the petition, which appears facially valid, was not verified before a person authorized to administer oaths.

"In appeals from the trial division of the General Court of Justice, review is solely upon the record on appeal, the verbatim transcript of proceedings, if one is designated, and any other items filed pursuant to [Rule 9 of the North Carolina Rules of Appellate Procedure]." N.C. R. App. P. 9(a). "Although the question of subject matter jurisdiction may be raised at any time . . . where the trial court has acted in a matter, 'every presumption not inconsistent with the record will be indulged in favor of jurisdiction. . . .'" *Cheape v. Town of Chapel Hill*, 320 N.C. 549, 557, 359 S.E.2d 792, 797 (1987) (internal citations omitted) (quoting *Dellinger v. Clark*, 234 N.C. 419, 424, 67 S.E.2d 448, 452 (1951)). Nothing else appearing, we apply "the *prima facie* presumption of rightful jurisdiction which arises from the fact that a court of general jurisdiction has acted in the matter." *Williamson v. Spivey*, 224 N.C. 311, 313, 30 S.E.2d 46, 47 (1944) (citations omitted). As a result, "[t]he burden is on the party asserting want of jurisdiction to show such want." *Dellinger*, 234 N.C. at 424, 67 S.E.2d at 452.

A juvenile petition alleging dependency, abuse, or neglect "shall be drawn by the director, verified before an official authorized to administer oaths, and filed by the clerk, recording the date of filing." N.C.G.S. § 7B-403(a) (2015). "[V]erification of the petition in an abuse, neglect, or dependency action as required by N.C.G.S. § 7B-403 is a vital link in the chain of proceedings carefully designed to protect children at risk on one hand while avoiding undue interference with family rights on the other." *In re T.R.P.*, 360 N.C. at 591, 636 S.E.2d at 791. In *In re T.R.P.*, the juvenile petition was notarized, but "was neither signed nor verified by the Director . . . or any authorized representative thereof." *Id.* at 589, 636 S.E.2d at 789. In concluding that the absence of proper verification deprived the trial court of subject matter jurisdiction, this Court emphasized "the magnitude of the interests at stake in juvenile cases and the potentially devastating consequences of any errors." *Id.* at 592, 636 S.E.2d at 791. Specifically, we observed that a juvenile petition may be based upon an anonymous report and frequently results in "immediate interference" with a parent's fundamental rights to the custody, care, and control of his or her children. *Id.* at 591-92, 636 S.E.2d at 791. Noting the "gravity" of these interests, we explained that the verification requirement is a reasonable means by which the General Assembly could ensure "that our courts exercise their power only when an identifiable government actor 'vouches' for the validity of the allegations." *Id.* at 592, 636 S.E.2d at 791. We determined that "in the absence of the verification . . . the trial court's order was void ab initio." *Id.* at 588, 636 S.E.2d at 789.

A pleading is verified by means of an affidavit stating "that the contents of the pleading verified are true to the knowledge of the person making the verification, except as to those matters stated on information and belief, and as to those matters he believes them to be true." N.C.G.S. § 1A-1, Rule 11(b) (2015). "Any officer competent to take the acknowledgement of deeds, and any judge or clerk of the General Court of Justice, notary public, in or out of the State, or magistrate, is competent to take affidavits for the verification of pleadings, in any court or county in the State, and for general purposes." *Id.* § 1-148 (2015). This Court has been clear that "[g]enerally there is a presumption that a public official in the performance of an official duty acts in accordance with the law and the authority conferred upon him. The burden is upon the contesting party to overcome this presumption." *State v. Watts*, 289 N.C. 445, 449, 222 S.E.2d 389, 391 (1976) (citations omitted).

Here the juvenile petition contains a verification that appears facially valid—it is signed by an authorized representative of the director of WCHS who "vouches" for the truth of the allegations in the petition, *see In re T.R.P.*, 360 N.C. at 592, 636 S.E.2d at 791, and another signature appears in a space clearly reserved for "Signature of Person Authorized to Administer Oaths." By signing in a space with such a conspicuous designation, the person who did so necessarily represented that he or she possessed such authority, and there is nothing in the record indicating that this person lacked the authority he or she claimed to possess. Respondent never submitted any evidence, or even any specific allegations, tending to overcome the

presumption of regularity. Instead, respondent's argument is based upon speculation as to whether a person who represented that he or she had the authority to administer oaths actually had such authority. Considering only the materials contained in the record on appeal and the presumption of regularity that attaches to the trial court's decision to exercise jurisdiction, the Court of Appeals had no basis to conclude that the petition was not properly verified. Accordingly, we reverse that court's decision.

REVERSED.