RUTH PATE v. GURNEY S. PATE.

(Filed 30 September, 1931.)

**Judgments G b—Upon agreement of parties judgment on motion may be rendered out of term and county of trial.**

> Where an absolute divorce has been decreed in an action and a motion is made respecting the custody of a minor child, and the parties agree that the judge should render judgment on the motion out of term and outside the county of trial, the judgment rendered under the terms of the agreement is valid, the judge having authority to render such judgment. C. S., 1664.

APPEAL by plaintiff from *Sinclair, J.,* at June Term, 1931, of WAYNE. Affirmed.

This was an action for divorce, begun in the Superior Court of Wayne County, on 29 June, 1929.

At August Term, 1929, of said court, there was a judgment and decree dissolving, absolutely, the bonds of matrimony theretofore existing be-

tween plaintiff and defendant. There was no order in the judgment or prior thereto, with respect to the custody of Dollie Pate, the minor child of plaintiff and defendant. Since said judgment, the said Dollie Pate has been in the exclusive custody of the plaintiff, who has resided with and' been supported by her father, E. F. Lancaster.

At June Term, 1931, of said court, the motion of the defendant for an order with respect to the future custody of Dolly Pate came on for hearing and was heard by Judge Sinclair, holding said court, on the last day of the term. After hearing numerous affidavits filed by plaintiff and defendant, and the arguments of their counsel, Judge Sinclair indicated his wish to have an opportunity to read and consider the affidavits and arguments of counsel. At his suggestion, it was agreed by the parties that he should take the affidavits, and make his order on the motion of the defendant out of the term and out of the county.

Thereafter, while holding the June Term, 1931, of the Superior Court of Johnston County, Judge Sinclair made and signed an order with respect to the custody of Dollie Pate. This order was signed at Smithfield, N. C., on 26 June, 1931, and has been duly filed in the Superior Court of Wayne County.

Plaintiff in apt time moved that the order signed by Judge Sinclair be set aside and vacated on the ground that the order was void. The motion was denied and plaintiff excepted. Plaintiff thereupon appealed from the order to the Supreme Court.

*J. Faison Thomson for plaintiff.*
*Paul B. Edmundson and Kenneth C. Royall for defendant.*

PER CURIAM. The contention of plaintiff on her appeal to this Court that the order in this action signed by Judge Sinclair on 26 June, 1931, at Smithfield, N. C., is void, for that Judge Sinclair who had heard defendant's motion at June Term, 1931, of the Superior Court of Wayne County, was without jurisdiction to make and sign the order out of term and out of Wayne County, cannot be sustained.

It appears both from the record and from the case on appeal filed in this Court that Judge Sinclair was expressly authorized by the parties to this action to make and sign the order out of term and out of the county. For this reason the order is valid, notwithstanding it was made and signed at Smithfield, N. C., on 26 June, 1931. *Bisanar v. Suttlemyre,* 193 N. C., 711, 138 S. E., 1. The motion on which the order with respect to the custody of Dollie Pate, the minor child of the parties, was made, was expressly authorized by statute, C. S., 1664. The order is

Affirmed.