G. S. MILES COMPANY v. L. R. POWELL, JR., AND E. W. SMITH, RECEIVERS FOR SEABOARD AIR LINE RAILWAY.

(Filed 28 June, 1933.)

**Courts B b—Greensboro Municipal Court held without jurisdiction to issue summons out of county in action within justice's jurisdiction.**

The municipal court of Greensboro given the jurisdiction of a justice's court in civil actions on contract where the amount demanded does not exceed two hundred dollars exclusive of interest, chapter 126, Private Laws of 1931, has no jurisdiction to issue summons outside the county in an action embraced in the justice's jurisdiction when all the defendants reside outside the county, C. S., 1489, 1490, and this result is not altered by the provisions of chapter 126, section 34, Private Laws of 1931, the section being construed in relation to other sections, and C. S., 1489, 1490 not being specifically mentioned in chapter 126, and therefore retaining their vitality.

CIVIL ACTION, before *Harding, J.,* at October Term, 1932, of GUILFORD. On 21 July, 1932, the clerk of the civil division of the municipal

court of the city of Greensboro issued a summons to the sheriff of Lee County. Said summons was issued pursuant to a petition filed by the plaintiff in said court, alleging that the plaintiff had a claim of less than $200.00 against said receivers, and that said receivers and the defendant had no process agent within Guilford County. A complaint was filed, claiming an amount of $171.00 for breach of a contract of carriage of a shipment of certain poultry.

The defendants appearing specially, filed a demurrer, alleging that "the court has no jurisdiction of the persons of the defendants for the reason that the complaint shows a cause of action within the jurisdiction of a justice of the peace and this court, having only concurrent jurisdiction with the justices of the peace, obtains no jurisdiction where summons is served out of the county." Thereafter the defendant entered a special appearance and moved to quash the service of summons upon the ground that none of the defendants lived in Guilford County. The motion and demurrer were overruled, and upon appeal to the Superior Court, the judgment of the municipal court was affirmed and the cause remanded for trial, and defendants appealed.

*Reitzel & Waynick for plaintiff.*
*Murray Allen for defendants.*

BROGDEN, J. Has the municipal court of the city of Greensboro jurisdiction to determine a cause upon contract, involving less than $200.00, when the sole defendant is not a resident of Guilford County and summons is served in Lee County?

The "municipal court of the city of Greensboro" was established pursuant to chapter 651 of the Public Laws of 1909. Originally the court had criminal jurisdiction only. Thereafter by chapter 126 of Private Laws of 1931 civil jurisdiction was conferred. Such jurisdiction is bounded as follows: Section 32(a): "Concurrent with justices of the peace in all civil matters, actions and proceedings within the jurisdiction of justices of the peace." (b): "Concurrent jurisdiction with the Superior Court on civil actions, as follows: (1) in actions founded on contract where the sum demanded (exclusive of interest) or the value of the property in controversy does not exceed five hundred dollars," etc.

Justices of the peace have jurisdiction of all civil actions founded on contract except "wherein the sum demanded, exclusive of interest, exceeds $200.00." North Carolina Constitution, Article IV, section 27, C. S., 1473. It is provided by C. S., 1489 that a justice of the peace cannot issue process to a county other than his own "unless one or more bona fide defendants shall reside in, and also one or more bona fide defendants shall reside outside of his county," etc. Obviously the munici-

pal court of the city of Greensboro was exercising the jurisdiction of a justice of the peace in the case at bar, but the plaintiff asserts that the foregoing sections of Consolidated Statutes were modified by section 34, chapter 126 of the Private Laws of 1931. The pertinent portion of said section 34 is as follows: *"Provided further,* that no summons shall be issued for any defendant, if an individual, residing outside of, or if a corporation, not having a place of business in Guilford County, unless application for the issuance of the same is made to the judge of said civil division and said judge, upon being satisfied by affidavit or otherwise that a trial in Guilford County will work no injustice to the said defendant, orders said summons to be issued." The plaintiff construes this section of the statute to mean that the municipal court of the city of Greensboro has jurisdiction on contracts up to $500.00 and that upon proper affidavit the said municipal court can issue a summons to any county in the State irrespective of the provision of C. S., 1489 and C. S., 1490. However, said section 34 of said chapter 126 must be read and interpreted in the light of section 54 of said chapter 126. Section 54 expressly retains "all laws relative to civil actions, matters and proceedings in courts of a justice of the peace, including all laws relative to process, rules of practice, procedure, orders, writs, decrees, judgments and appeals, but excluding none of such laws not specifically mentioned, shall be applicable to the civil division of the municipal court in the exercise of its jurisdiction as the same is set forth in this act," etc. C. S. sections 1489 and 1490 are not specifically mentioned in said chapter 126, and, therefore, retain their vitality. Consequently the trial judge should have sustained the demurrer and motion made by the defendant.

Reversed.