IN THE MATTER OF FORECLOSURE UNDER DEED OF TRUST MADE BY H. E. LONG-
LEY TO CAROLINA MORTGAGE COMPANY, TRUSTEE, DATED 15 JUNE,
1927, RECORDED IN BOOK 183, PAGE 165, IN THE OFFICE OF THE REGISTER
OF DEEDS, NEW HANOVER COUNTY, N. C., THE NOTE THEREBY SECURED
HAVING BEEN ASSUMED BY W. L. SCRUGGS AND WIFE, AND MRS. LIZZIE
W. BROADFOOT.

(Filed 13 December, 1933.)

1. **Appeal and Error E g—**
   The record on appeal imports verity.

2. **Husband and Wife D b—Husband has no right to rents from wife's
   land and may not be held responsible therefor by third person.**
   Where lands belonging to the separate estate of a wife have been fore-
   closed under a deed of trust thereon duly executed, and after such fore-
   closure the rents from the land are paid to the wife, the husband may
   not be held responsible for such rents by the person entitled to the rent
   by virtue of the foreclosure, since, under our Constitution, Art. X, sec. 6,
   a wife is given sole ownership of her separate estate.

3. **Contempt of Court A b—An order of the court which is void ab initio
   may not be made the basis for contempt proceedings.**
   Where lands belonging to the separate estate of a wife are foreclosed
   under a duly executed deed of trust thereon, and rents are paid the wife
   after such foreclosure, an order issued upon motion of the person entitled
   to the rents by virtue of the foreclosure that the husband should pay
   into court the rents thus collected by the wife is void *ab initio*, and the
   husband may not be held for contempt for disobeying such order, and the
   fact that he did not appeal from the granting of the order does not affect
   his liability, the order not being one "lawfully issued." C. S., 978.

APPEAL by W. G. Broadfoot from *Cranmer, J.,* at July Term, 1933,
of NEW HANOVER. Reversed.

N. C. Code of 1931 (Michie), sec. 2591, sets forth the method for the
sale of land by trustees, mortgagees, etc. A contempt proceeding was
instituted against W. G. Broadfoot growing out of noncompliance with
his bid. The clerk dismissed the contempt proceeding, but the order
said: "Upon payment to trustee (movant) of all rents collected on said
property from 1 January, 1933, to 31 May, 1933."

On appeal to the Superior Court, the judgment in that court states:
"Upon appeal the foregoing order of the clerk is hereby in all respects
affirmed."

The clerk gave notice to appellant "why you should not be adjudged
in contempt of court for your failure to comply with the judgment ren-
dered in this cause," etc. In answer appellant W. G. Broadfoot states
that he has neither collected nor received any rents from said property
from 1 January, 1933, to 31 May, 1933, and, therefore, has no rents to
account for or to pay over as in said order provided.

IN RE FORECLOSURE.

The clerk made the following order: "And it appearing further that said W. G. Broadfoot has collected no rent from the property referred to in this proceeding, from 1 January, 1933, until 31 May, 1933, and, therefore, has no rent payments to account for as provided in the order heretofore entered in this cause. And it is now ordered and adjudged that the said W. G. Broadfoot has fully complied with the order heretofore entered by the undersigned, clerk of the Superior Court of New Hanover County and approved by the Honorable W. A. Devin, judge presiding, and this proceeding is hereby dismissed."

The record discloses: "That thereafter, on 22 June, 1933, the clerk of the Superior Court signed the following judgment: '6/22/33 W. G. Broadfoot not having complied with above order is hereby found guilty of contempt of court upon the grounds that either he or Mrs. Lizzie W. Broadfoot, according to statements filed by two real estate agents, have collected certain amounts of rents and applied same to the account of Mrs. Lizzie W. Broadfoot, the wife of W. G. Broadfoot. No further testimony was taken at this hearing, after delivery to the clerk of statements of parties handling the property, which statements are hereto attached and constitute testimony on which this order is based."

W. G. Broadfoot excepted and appealed to the Superior Court. The court below in its judgment stated: "And it appearing that the clerk did not have jurisdiction to make this order of 22 June, 1933, adjudging the said W. G. Broadfoot in contempt, the said order is overruled."

The judgment further gives an itemized statement of rents, and it is the following: "Net amount paid Mrs. Broadfoot—$96.50. It is now, on motion of C. M. Symmes, attorney for movant: Considered, ordered and adjudged that the said W. G. Broadfoot pay to C. M. Symmes, attorney for the movant, the sum of $96.50, representing rents collected on the property involved for the five months period from 1 January, to 31 May, 1933, in accordance with the order of Judge Devin, hereinbefore mentioned, within ten days from this date. This 25 July, 1933."

The respondent, W. G. Broadfoot excepted and assigned error to the judgment as rendered and appealed to the Supreme Court.

*C. M. Symmes for appellee.*
*K. O. Burgwyn for respondent, appellant.*

CLARKSON, J. The question involved: The appellant raised the bid within ten days after the sale under foreclosure. The property was resold, was knocked down to him at the advanced bid. He failed to pay the purchase price and was attached for contempt of court. Under subsequent proceedings he was exonerated of contempt of court but required by an order of court to pay a certain sum alleged to have been collected as rent on the premises during the proceedings. The appellant filed

In re Foreclosure.

response alleging that he had collected no rent from the property during the period and an order was signed by the clerk finding that to be a fact. Under subsequent appeal to the judge of the Superior Court a judgment was signed requiring the appellant within ten days to pay into court the sum of $96.50, which the record shows was rent collected by his wife and not by him. The property involved which was foreclosed having been the separate estate of the wife. Query: Was such judgment valid? We think not.

The record to this Court imports verity and we cannot go behind it. The record discloses that the property was owned by Mrs. Broadfoot and the judgment discloses that the rent was paid to her by the rental agents—"net amount paid Mrs. Broadfoot $96.50."

We have not been furnished any authority by appellee in this Court in which a husband could collect his wife's rents and keep them, or be responsible for them to any other person. N. C. Const., Art. X, sec. 6, is as follows: "The real and personal property of any female in this State acquired before marriage, and all property, real and personal, to which she may, after marriage, become in any manner entitled, shall be and remain the sole and separate estate and property of such female, and shall not be liable for any debts, obligations or engagements of her husband, and may be devised and bequeathed and, with the written assent of her husband, conveyed by her as if she were unmarried."

"There is no 'beneficent provision of the Constitution' which throws additional shackles around women in the management of their separate property. The provision of the Constitution is in exactly the opposite direction, in accordance with the free spirit of the age and with the universal trend of legislation the world over. Its purpose is not to further assimilate married women to the condition of infants, but to make free women of them, to emancipate them from most of the restrictions formerly existing." *Slrouse v. Cohen,* 113 N. C., 349-353. "The Constitution was evidently intended to emancipate married women and place them, so far as property rights are concerned, on a par with men and *femes sole."* *McLeod v. Williams,* 122 N. C., 451, 454. The common-law rule giving to the husband the actual or potential ownership of the separate choses in action belonging to his wife by reducing them into possession is now changed by this section giving the wife the sole ownership of her separate estate. *Turlington v. Lucas,* 186 N. C., 283.

The appellant in his brief says: "The proceeding in its entirety, so far as we have been able to determine, is without a parallel and without precedent, consequently, a diligent search has failed to disclose any authority from this or other jurisdictions upon the question."

In answer the appellee says that the judgment of the Superior Court, ordering appellant to pay these rents, was not appealed from and the

matter is concluded. The clerk had absolutely no power under the statute, N. C. Code of 1931, sec. 2591, to attach appellant under the admitted facts in this case for contempt and further to force him to take his wife's rents, which in law he had no control over.

Section 978 is as follows: "Any person guilty of any of the following acts may be punished for contempt: (4) Wilful disobedience of any process or order lawfully issued by the court." The contempt proceedings was not an order "lawfully issued" under the facts and circumstances of this case. The proceeding is void *ab initio*. The judgment is

Reversed.