MRS. BEATRICE S. JEFFREYS v. M. B. JEFFREYS.

(Filed 4 May, 1938.)

**1. Judgments § 18—Court may not make order substantially affecting rights of parties out of the county and district, except by consent.**

A judge of the Superior Court has no jurisdiction to hear a cause or make an order substantially affecting the rights of the parties outside the county in which the action is pending, except by consent, and his

jurisdiction of all matters pending in the district terminates upon the expiration of the six months period during which he is regularly holding the courts of the district, except the settling of cases on appeal, and the like.

**2. Same—Where it does not appear that parties agreed thereto, order entered outside of county and district will be vacated.**

The trial court entered an order granting alimony *pendente lite*, which order was made outside the county and outside the district after the expiration of the period during which he was regularly holding the courts of the district. *Held:* In the absence of an agreement of the parties appearing of record that the order might be made at such time and place, appellant's exception thereto must be sustained, and the order vacated.

**3. Appeal and Error § 22—**

The record imports verity, and when the record does not disclose an agreement of the parties that an order might be entered outside the county and district, appellant's contention that no such agreement was made, must prevail.

SEAWELL, J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Sinclair, J.* From FRANKLIN. Remanded.

This is an action instituted by the plaintiff against the defendant for subsistence without divorce under C. S., 1667, and for the custody of children, in which the plaintiff applied for an order allowing her subsistence and counsel fees *pendente lite*.

The notice to appear and show cause why an order allowing subsistence and counsel fees *pendente lite* was returnable at the courthouse in Louisburg, 23 November, 1937. The hearing upon the motion was continued, by consent, to be heard in the city of Raleigh, 17 December, 1937. On said date the parties appeared and submitted evidence by affidavit. After the hearing the judge took the cause under advisement and requested counsel to submit briefs. Thereafter, on 1 January, 1938, the judge signed an order allowing the plaintiff subsistence *pendente lite* and counsel fees. This order was entered in chambers in Fayetteville, out of the county in which the cause of action was instituted and out of the district, after the period during which the judge was regularly riding the Seventh Judicial District had expired. Exceptions to the order and notice of appeal were entered in behalf of the defendant, and the defendant appealed.

*M. C. Pearce and Irvine B. Watkins for plaintiff, appellee.*
*Edward F. Griffin and W. H. Yarborough for defendant, appellant.*

BARNHILL, J. While it appears in the order that the parties to the action and their counsel were present and participated in the hearing at

Fayetteville, it is conceded here that none of the parties were present at the time the order was signed and that the only hearing had was at Raleigh, 17 December. The defendant assails the validity of the order and the right of the judge to enter any judgment at the time and place this order was signed.

It is accepted law in this State that a judge of the Superior Court has no authority to hear a cause or to make an order substantially affecting the rights of the parties outside of the county in which the action is pending, except by consent. *Cahoon v. Brinkley,* 176 N. C., 5; *Gaster v. Thomas,* 188 N. C., 346; *Brown v. Mitchell,* 207 N. C., 132. Likewise, when the six months period during which a judge is regularly holding the courts of a district expires his jurisdiction in all matters pending in said district terminates, except in the matter of settling cases on appeal and the like.

The learned and careful judge who made the order appealed from no doubt acted upon the apprehension that it was agreed that he should take the cause under advisement and, after briefs were filed, render judgment at such place and at such time as met his convenience. However, no such agreement appears of record and it is now denied by the defendant that any agreement existed, except that the cause should be heard in Raleigh rather than in Louisburg. The defendant assails the order entered for the reason that there was no such consent. The record imports verity and we are bound by its contents. If it discloses no agreement, we must assume that there was none. This being true, the order entered below must be vacated and the motion reinstated for further proceeding. To that end the cause is

Remanded.

SEAWELL, J., took no part in the consideration or decision of this case.