## W. W. PATTERSON v. LUCY BIVENS PATTERSON.

(Filed 25 May, 1949.)

**1. Contempt § 2b—**

   In order for the willful disobedience of a court order to be punishable for contempt it is necessary that the order be lawfully issued, and the disobedience of an order void *ab initio* for want of jurisdiction may not be made the basis for contempt proceedings.

**2. Judges § 2a: Divorce § 17—**

   In an action for divorce, the resident judge has concurrent jurisdiction with the judge holding the courts of the district to hear and determine an application for the custody of the children of the marriage. G.S. 7-65, G.S. 50-13.

**3. Judgments § 19—**

   A judge of the Superior Court has no authority to hear a cause or to make an order substantially affecting the rights of the parties outside the district in which the action is pending, unless authorized to do so by statute or by consent of parties appearing of record.

**4. Evidence § 2—**

   The courts will take judicial notice of the judicial district in which a specified county is located.

**5. Judgments § 19: Divorce § 17—**

   Upon application for the custody of the children of the marriage after decree of divorce, the resident judge entered a temporary order awarding the custody to the father, and issued an order to defendant wife to appear outside the county and outside the district to show cause why the tempo-

16—230

rary order should not be made permanent. *Held:* The judge was without jurisdiction to hear the matter outside the district, and an order issued upon the hearing of the order to show cause was void *ab initio.*

APPEAL by Mrs. K. M. Cox from *Phillips, J.,* in Chambers, 22 January, 1949, of STANLY.

Civil action for divorce involving custody of children of the marriage, heard upon notice to defendant and her sister, Mrs. K. M. Cox, to show cause why they should not be held in contempt of court for violating an order pertaining to the custody of said children.

The record on this appeal discloses these procedural facts:

1. This action was instituted in Superior Court of Stanly County, 3 September, 1942, for absolute divorce from the bonds of matrimony existing between plaintiff and defendant on ground of two years separation, and, at November Term, 1942, judgment was rendered therein in accordance with the relief sought. But no reference to the two children of the marriage is made in the complaint filed in the action, and no provision for their custody is made in the judgment so rendered.

2. Thereafter on 18 August, 1947, plaintiff, by verified petition filed in this action, petitioned the court for an order committing to him the custody and tuition of the said children of the marriage. Plaintiff alleges in this petition that defendant secured possession of the children on 10 August, 1947, under pretense of keeping them for a few days visit, and then refused to return them to him, and is about to leave the State of North Carolina taking the children with her.

3. Thereupon, on same date, 18 August, 1947, in Rockingham, North Carolina, the Honorable W. G. Pittman, Judge of the 13th Judicial District of North Carolina, entered an order (1) awarding to plaintiff the immediate temporary custody of the children, and (2) requiring defendant to appear before him, the Judge aforesaid, at the courthouse in Asheboro, North Carolina, on Monday, September 2, 1947, at 2 o'clock p.m., to show cause, if any she has, why the temporary order of custody of said children should not be made permanent. And, on same date, this order was served on defendant by a deputy sheriff of Alamance County, North Carolina.

4. Pursuant thereto, and on 4 September, 1947, his Honor W. G. Pittman, in Chambers at Asheboro, North Carolina, entered an order in which, after finding as a fact that defendant was then a nonresident of the State of North Carolina, and a resident of the State of Georgia, the temporary custody of said children was granted to plaintiff until further orders of the court, and the permanent custody of the children be finally determined.

5. Thereafter plaintiff, by motion in the cause in this action, and for causes set forth, moved the court for an order adjudging defendant and

her sister, Mrs. K. M. Cox, of Burlington, North Carolina, guilty of contempt for willful violation of the said order of his Honor, W. G. Pittman, Resident Judge of the 13th Judicial District, dated 4 September, 1947. And, thereupon, on 10 December, 1948, his Honor, F. Donald Phillips, then Resident Judge of the said 13th Judicial District, in Chambers at Rockingham, North Carolina, entered an order (1) requiring defendant and Mrs. K. M. Cox to appear before him on 20 December, 1948, at 11 o'clock a.m., in Rockingham, North Carolina, and "show cause, if any there be, why they should not be punished for contempt," and (2) requiring that Mrs. Cox, "in order to purge herself of the alleged acts of contempt, notify" defendant "wheresoever she may now reside of the issuance of this order, and that she personally see that the said infants are before this court on the date of said hearing." This order was served on Mrs. Cox on 13 December, 1948, by a deputy sheriff of Alamance County, and she answered, denying in the main the allegations made against her.

6. Thereafter when the cause came on for hearing on the rule to show cause described in last preceding paragraph at time and place designated therefor, his Honor, Phillips, Judge as aforesaid, finding as facts in substance that Mrs. K. M. Cox, with knowledge of the said order of Pittman, J., dated 4 September, 1947, aided and abetted defendant in removing said children from the State of North Carolina, adjudged that "Mrs. K. M. Cox is guilty of contempt and as for contempt of this court" and continued prayer for judgment until 22 January, 1949,—she to appear before said Judge at that time and abide the further orders of the court.

7. And on 22 January, 1949, Phillips, Judge as aforesaid, made additional findings of fact in respect to the alleged violation of the order of Pittman, J., as aforesaid, and thereupon adjudged and declared Mrs. K. M. Cox "to be guilty of contempt and as for contempt of this court, and that she be committed to the common jail of Stanly County, North Carolina, for a period of 30 days, for such contempt," and that in accordance therewith, commitment issue.

Mrs. K. M. Cox appeals therefrom to Supreme Court, and assigns error.

*S. H. McCall, Jr., and David H. Armstrong for plaintiff, appellee.*
*Thomas C. Carter and W. I. Ward, Jr., for respondent, appellant.*

WINBORNE, J. In this State any person found guilty of willful disobedience of an order lawfully issued by any court of competent jurisdiction may be punished for contempt. G.S. 5-1 (4). *Nobles v. Roberson,* 212 N.C. 334, 193 S.E. 420; *Elder v. Barnes,* 219 N.C. 411, 14 S.E. 2d 249; *Mfg. Co. v. Arnold,* 228 N.C. 375, 45 S.E. 2d 577. But an order

of court not "lawfully issued" may not be the basis on which to found a proceeding for contempt. *In re Foreclosure,* 205 N.C. 488, 171 S.E. 788. Hence appellant on this appeal challenges, and we hold properly so, the validity of the judgment holding her for contempt on the ground that the order of 4 September, 1947, entered by Pittman, J., on which the contempt proceeding is based, is void for that Pittman, resident judge of the judicial district, had no authority to make the order, upon notice to show cause, on and at hearing out of the county and out of the district in which the action was and is pending.

·In this connection it is provided by statute, G.S. 50-13, that "after the filing of a complaint in any action for divorce, whether from the bonds of matrimony or from bed and board, both· before and after final judgment therein, it is lawful for the judge of the court in which such application is or was pending to make such orders respecting the care, custody, tuition and maintenance of the minor children of the marriage as may be proper, and from time to time to modify or vacate such orders, and may commit their custody and tuition to the father or mother, as may be thought best." See also *In re Blake,* 184 N.C. 278, 114 S.E. 300; *Robbins v. Robbins,* 229 N.C. 430, 50 S.E. 2d 183, and numerous other cases.

It is also provided by statute in this State, G.S. 7-65, as amended by Chapter 142 of ·Session Laws 1945, that "in all matters and proceedings not requiring intervention of a jury or in which trial by jury has been waived, the resident judge of the judicial district shall have concurrent jurisdiction with the judge holding the courts of the district and the resident judge in the exercise of concurrent jurisdiction may hear and pass upon such matters and proceedings in vacation, out of term or in term time." Thus it appears that the resident judge of the judicial district has concurrent jurisdiction with the judge holding the courts of the district to make orders in divorce actions respecting the care, custody, tuition and maintenance of the minor children of the marriage as outlined in G.S. 50-13. But in this State a judge of the Superior Court has no authority to hear ·a cause or to make an order substantially affecting the rights of the parties outside of the county in which the action is pending, unless authorized so to do by statute, or by consent of the parties. *Cahoon v. Brinkley,* 176 N.C. 5, 96 S.E. 650; *Gaster v. Thomas,* 188 N.C. 346, 124 S.E. 609; *Brown v. Mitchell,* 207 N.C. 132, 176 S.E. 258; *Jeffreys v. Jeffreys,* 213 N.C. 531, 197 S.E. 8. And the consent must appear on face of record. *Jeffreys v. Jeffreys, supra.* Compare *Pate v. Pate,* 201 N.C. 402, 160 S.E. 450.

And in keeping with the well established principle that the courts will take judicial notice of the political subdivisions of their States, *S. v. R. R.,* 141 N.C. 846, 54 S.E. 294, this Court takes judicial notice (1) that Stanly County, in which the present action was instituted and is

pending, is in the Thirteenth Judicial District of North Carolina and (2) that Asheboro, where the order of 4 September, 1947, by Pittman, J., was made and entered in this action, is in Randolph County, in the Fifteen Judicial District of North Carolina. See *Laundry v. Underwood,* 220 N. C. 152, 16 S.E. 2d 703, and *Mallard v. Housing Authority,* 221 N.C. 334, 20 S.E. 2d 281.

Moreover, it appears in the record on this appeal that the hearing at Asheboro was on a notice issued to defendant to appear and show cause, if any she had, why the temporary order of custody of the children of the marriage should not be made permanent.

Therefore, it clearly appears on the face of this record that Pittman, Resident Judge of the Thirteenth Judicial District, was without authority to hear the cause and to make the order of 4 September, 1947, at Asheboro, which is both out of the County and out of the district wherein the divorce action was or had been pending. Thus the order then made was void *ab initio* for lack of jurisdiction in the judge to make it, and may not be the basis for a proceeding for contempt. *In re Foreclosure, supra.* Compare *Edmundson v. Edmundson,* 222 N.C. 181, 22 S.E. 2d 576, where the judgment in question was entered by consent of parties.

For reasons stated, the judgment from which appeal is taken is

Reversed.