STATE OF NORTH CAROLINA AND THE CITY OF GREENSBORO v.
EARL BLACK.

(Filed 24 May, 1950.)

**1. Appeal and Error § 6c (2)——**

A sole assignment of error to the signing of the judgment presents only whether the facts found support the judgment and whether error of law appears on the face of the record.

**2. Appeal and Error § 6c (3)——**

The want of exception to the findings of fact renders them conclusive, but the court's characterization of a subpoena, made a part of the record, as "process lawfully issued" is a question of law presented by exception to the signing of the judgment.

**3. Courts § 11——**

A municipal-county court is a creature of the General Assembly, and has only such jurisdiction and powers as are given it by statute, which cannot be enlarged by implication, and the Greensboro Municipal-County Court has power to issue process outside the county only when attested by the seal of said court, and such process without seal, served outside the county, is a nullity. Public Laws 1909, Ch. 651, Public Laws 1939, Ch. 300.

**4. Process § 14——**

Where a subpoena issued by a municipal-county court and running outside the county is a nullity because not attested by the seal of the court, neither service of the process nor voluntary appearance thereunder, can waive the defect or vitalize the process.

**5. Contempt of Court § 2b——**

Willful disobedience of process cannot be made the basis for contempt proceedings when the process is a nullity because beyond the powers of the issuing court. G.S. 5-1 (4).

GREENSBORO *v.* BLACK.

APPEAL by defendant from *Crisp, Special Judge,* at 31 October, 1949, Three Weeks Term of GUILFORD—Greensboro Division.

Contempt proceeding under Chapter 5 of the General Statutes of North Carolina,—arising out of the failure of appellant Earl Black to appear on 13 July, 1949, as a witness for the State in the case of State of North Carolina, *et al., v.* Francis Duval Smith *alias* George Smith, *et al.,* then pending in the Municipal-County Court of the City of Greensboro—heard in Superior Court of Guilford County, Greensboro Division, on appeal thereto by Earl Black from judgment of said Municipal-County Court of the City of Greensboro, adjudging him, the said Earl Black, in contempt of court under the provisions of G.S. 5-1 (4) for willful disobedience of lawful process, to wit, a subpoena.

The "subpoena" is shown in the record, and it is attached to and made a part of the record in the case. It purports to be addressed "To the Sheriff, Chief of Police of an Incorporated Town or Other Lawful Officer of New Hanover County," reading in pertinent part as follows: "You are commanded to subpoena as witness for the State in the case of State *vs.* George Smith . . . Mr. and Mrs. Earl Black, Wilmington, N. C. . . . to be and appear before His Honor the Judge of the Municipal-County Court of the city of Greensboro, on the 13th day of July, 1949, at 9 :30 A. M., and not depart the court without leave." It purports to be dated 8 July, 1949, and to be signed "P. T. Melton, City of Greensboro Police Officer." And it purports to have been "Served on This the 9th day of July, 1949." The return purports to be signed "M. M. Jefford. Bureau—Wilmington, N. C." But it is not under the Seal of the Municipal-County Court of the City of Greensboro.

The findings of fact made by the presiding judge of the Municipal-County Court of the City of Greensboro upon which the adjudication of contempt against Earl Black is based, are predicated upon this "subpoena," and are incorporated in the judgment entered under date 30 September, 1949.

These are pertinent portions of the findings of fact:

"That defendant was duly served with a subpoena on the 9th day of July, 1949, by M. M. Jefford, police officer of the city of Wilmington, to appear as a witness for the State in the Municipal-County Court of Greensboro on the 13th day of July, 1949, at 10 :00 A. M., in the case of State of North Carolina and the City of Greensboro against Francis Duval Smith, *alias* George Smith, *et al.,* said subpoena being attached to and made a part of the record in this case"; "that the defendant willfully failed and refused to answer to and comply with the process lawfully issued by this court by failing to appear on the date of the trial of the aforesaid entitled action"; "that the defendant in a telephone conversation with the prosecuting attorney of this court . . . stated . . . that

the subpoena had been duly served on him . . ."; "that the case of State . . . against Francis Duval Smith . . . was called for trial at 10 :00 A. M. on the 13th day of July, 1949"; that defendant Earl Black was called out, and "the presiding judge . . . ordered the defendant to show cause why he should not be cited for contempt of court," and "an order for defendant's arrest was then and there issued by the court"; that "on the 1st day of September, 1949, the defendant voluntarily surrendered himself to a police officer of the city of Greensboro; whereupon the defendant executed a $5000 bond for his appearance in court on the 20th day of September, 1949; that the case of the State . . . against Francis Duval Smith . . . was continued in open court from time to time until called on the 23rd day of September, 1949, at which time . . . Francis Duval Smith . . . entered plea and the facts were stated to the court by the solicitor, without the offering of any witnesses, Now, therefore, the court finds as a fact that the defendant willfully disobeyed the process lawfully ordered by this court by willfully failing and refusing to appear as a witness to a subpoena lawfully issued by this court and that said willful disobedience of the lawful order of this court constitutes the offense of contempt of court as provided under subsection 4, Section 1, Chapter V of the General Statutes of North Carolina, from which the defendant has the right to appeal."

And on the appeal the findings of fact made by the judge of Superior Court, substantially the same as those made by the judge of the Municipal-County Court of the City of Greensboro, upon which like adjudication of contempt is based, are also predicated upon the said subpoena.

Defendant appeals to the Supreme Court, assigning error.

*Attorney-General McMullan, Assistant Attorney-General Bruton, John R. Jordan, Jr., and Walter F. Brinkley, Members of Staff, for the State.*
*Stoner & Wilson and Hubert E. Olive for defendant, appellant.*

WINBORNE, J. The only assignment of error presented on this appeal is that the court erred in signing the judgment set out in the record. Such assignment of error raises only the questions as to (1) whether the facts found by the judge of the Greensboro Municipal-County Court, and reiterated by the judge of Superior Court on appeal, support the judgment, and (2) whether error in matters of law appear upon the face of the record. *Culbreth v. Britt Corp.,* 231 N.C. 76, 56 S.E. 2d 15, and cases there cited.

In this connection, the appellant here challenges, and we think properly so, the validity of the judgment holding him for contempt, on the ground, among others, that the subpoena, not being under the seal of the Greensboro Municipal-County Court, was not a process lawfully issued

by that court for service in New Hanover County,—outside of Guilford County in which the City of Greensboro is situated.

Moreover, there being no specific exception to any finding of fact made by the trial court, the facts so found are binding on appeal. *Burnsville v. Boone,* 231 N.C. 577, 58 S.E. 2d 351.

Nevertheless, the subpoena, which is characterized in the judgment below as "process lawfully issued" is made a part of the record, and the ·question as to its validity is one of law appearing upon the face of the record.

In this State any person guilty of "willful disobedience of any process ·or order lawfully issued by any court," may be punished for contempt. ·G.S. 5-1 (4). *Nobles v. Roberson,* 212 N.C. 334, 193 S.E. 420; *Elder v. Barnes,* 219 N.C. 411, 14 S.E. 2d 249; *Mfg. Co. v. Arnold,* 228 N.C. 375, 45 S.E. 2d 577; *Patterson v. Patterson,* 230 N.C. 481, 53 S.E. 2d 658.

But a process or order not "lawfully issued" may not be the basis on which to found a proceeding for contempt. *In re Foreclosure,* 205 N.C. 488, 171 S.E., 788; *Patterson v. Patterson, supra.*

Here, therefore, the question is whether the subpoena under consideration was a process lawfully issued by the court.

In this connection, it is appropriate to advert to provisions of the ·statutes pertaining to the. jurisdiction and powers of the Greensboro Municipal-County Court. This court (now designated the Greensboro Municipal-County Court, P.L. 1939, Chapter 300), is the creature of the ·General Assembly of North Carolina, Public Laws 1909, Chapter 651. (See *Miles Co. v. Powell,* 205 N.C. 30, 169 S.E. 828, and *Electric Co. v. Motor Lines,* 229 N.C. 86, 47 S.E. 2d 848). It has only such jurisdiction and powers as are given to it by the General Assembly. It was originally given jurisdiction of misdemeanors committed within the corporate limits of the City of Greensboro. And in Section 14 of this act, P.L. 1909, Chapter 651, the General Assembly declared that said court shall have a seal "which shall be used in attestation of writs, warrants or other pro- ·ceedings, acts, judgments or decrees of said court in the same manner and to the same effect as the seal of other courts in the State of North Carolina." And in Section 15 of this act, it is further declared that "The judge of said court may issue his process to the chief of police or to the ·city police of the city of Greensboro, or to the sheriff, constable or other lawful officers of the county of Guilford or of any other county in the State of North Carolina, and such process, when attested by the seal of said court, shall run anywhere in the State of North Carolina and shall be executed by all officers and returns made according to law: *Provided,* no seal shall be required upon any process issued by or from said court to any officer of the city of Greensboro or the county of Guilford."

Thus from the provisions of Section 15, it is clear that the General Assembly has given the court the power to issue its process, to run beyond the limits of Guilford County, only "when attested by the seal of said court." And it is held by this Court that the powers of a court of limited jurisdiction cannot be enlarged by implication. *Thompson v. Cox,* 53 N.C. 311; *Evans v. Singletary,* 63 N.C. 205. Nor may the recognition of the subpoena, and the service of it by an officer of the City of Wilmington in New Hanover County, give character to it which it did not possess at the time of its issuing. *Shepherd v. Lane,* 13 N.C. 148; *Gardner v. Lane,* 14 N.C. 53; *Seawell v. Bank,* 14 N.C. 279.

Hence, the issuance of the subpoena in question, for service in New Hanover County, not being attested by the seal of the court, exceeded the power given to the court by the General Assembly. The subpoena so issued lacked the force of a lawful process, and service of it by an officer in New Hanover County was a nullity.

Moreover, the finding of fact that defendant stated that the subpoena had been duly served upon him is not sufficient to constitute a waiver of the fatal deficiency of the subpoena. Nor does the voluntary surrender of defendant, after the court had ordered him to be arrested, and the execution of a bond for his appearance at a future date, vitalize the subpoena as a lawful process, applicable to his previous contemptuous· conduct.

And while the facts found by the court below show defendant in contemptuous attitude in respect of his appearance as a witness in the court, he may not be held in contempt therefor except in the manner provided by law.

In view of the decision here, it is not necessary to consider and treat other contentions of defendant.

For reasons stated hereinabove, the judgment from which appeal is taken is

Reversed.