130 S.E.2d 654 (1963)
259 N.C. 306
H. K. PERRY
v.
W. M. JOLLY, Guardian of Florence Johnson Perry, Incompetent, and Hilda P. Pearce and husband, Marshall E. Pearce, Purchasers.
No. 380.
Supreme Court of North Carolina.
May 1, 1963.
*660 Gaither M. Beam, for purchasers, appellants.
John F. Matthews, for plaintiff, appellee.
HIGGINS, Justice.
This proceeding seems to have changed direction twice as it meandered through the Superior Court. In order that the true course may be more easily followed, we have included in the statement of facts the full text of certain pertinent documents which show the guardian first objected to the proposed sale, both for lack of need and for inadequacy of price. However, with court approval, the guardian substituted an amended answer, omitting the objection and admitting the need. He recommended a private sale to Hilda P. Pearce and husband, Marshall E. Pearce, at $45,000.00, however, retaining for Mr. and Mrs. Perry a life estate in the house and a lot.
The clerk ordered the private sale to Hilda P. Pearce and husband, appointed commissioners to make it, and directed them to make report for the court's further order. The commissioners complied with the order by making the sale as directed, and recommended that it be confirmed in the absence of an advance bid within ten days. Thirteen days after the sale and report thereof the clerk entered an order of confirmation, directed the commissioners to execute and to deliver deed to the purchasers. Judge Hobgood, on that same day, approved, confirmed, and ratified the sale. Judge Hobgood signed the approval order in Alamance County by written consent of the attorneys of record for both the petitioner and the guardian.
Two days after the entry and approval of the confirmatory decree, W. H. Perry, attorney in fact for the petitioner, gave notice that he appealed for these errors: (1) The power of the court is limited to the execution of mortgages, etc., by G.S. 35-15. (2) The sale destroyed the tenancy by the entireties. (3) Paragraph three of the original answer raised issues of fact not determined by the court. (4) Judge Hobgood approved the confirmatory decree outside Franklin County. (5) The court failed to find that $45,000.00 was a fair price for the lands.
Judge Hobgood entered an order finding "that the parties have agreed that the said confirmatory decree be set aside and that the land involved be sold at public auction to the highest bidder." The order vacating the confirmation was based solely upon the consent of W. H. Perry, the attorney in fact for the petitioner, the guardian, and the two commissioners. Mr. and Mrs. Pearce were not parties to the agreement to set the sale aside.
By virtue of the sale, the Pearces had become the equitable owners of the land. This Court said in Page v. Miller, 252 N.C. 23, 113 S.E.2d 52: "After confirmation, the power of the court is much more restricted. The purchaser is then regarded as the equitable owner, and the sale * * * can only be set aside for `mistake, fraud, or collusion' established on petitions regularly filed in the cause," citing Upchurch v. Upchurch, 173 N.C. 88, 91 S.E. 702; Beaufort County v. Bishop, 216 N.C. 211, 4 S.E.2d 525; Joyner v. Futrell, 136 N.C. 301, 48 S.E. 649; McLaurin v. McLaurin, 106 N.C. 331, 10 S.E. 1056; Evans v. Singletary, 63 N.C. 205. "* * * (A)ll motions * * * other than those grantable as a matter of course * * * must be on notice." Collins v. Highway Commission, 237 N.C. 277, 74 S.E.2d 709; Boone v. Sparrow, 235 N.C. 396, 70 S.E.2d 204. The court was powerless to take away the vested interest of Mr. and Mrs. Pearce without notice and opportunity to be heard. G.S. § 1-581; Collins v. Highway Commission, supra; In Re Woodell, 253 N.C. 420, 117 S.E.2d 4. The sale may be set aside only after proper notice and for valid reasons. Page v. Miller, supra.
*661 The five assigned grounds upon which the petitioner seeks to set aside the private sale are not in and of themselves sufficient in law to invalidate the sale. (1) G.S. § 35-15 does not limit the court's power to authorize a mortgage. The court may authorize a sale. (2) The sale does not destroy or separate the interests of the tenants by entireties if one of the parties is incompetent. The right of survivorship is transferred to the fund. A divorce will convert tenancy by entireties into a tenancy in common. A voluntary sale will work a conversion of the land into personalty to be held as other personalty. Wilson v. Ervin, 227 N.C. 396, 42 S.E.2d 468. However, to be voluntary, the sale must be made by both husband and wife. Both must be sui juris. If one is incompetent, a sale cannot be the voluntary act of both. When the court finds it necessary for the good of the parties to require a sale, it is necessary that a good title pass to the purchaser. However, the right of survivorship is transferred to the fund to be held in the manner hereinafter discussed. (3) Paragraph (3) of the original answer was omitted from the amended answer, thus eliminating the third objection. (4) The Judge of the Ninth Judicial District was a proper officer to approve the confirmation. He could do so outside the district by consent. Counsel of record for both parties presented the order and consented to it in writing. Dellinger v. Clark, 234 N.C. 419, 67 S.E.2d 448; Jeffreys v. Jeffreys, 213 N.C. 531, 197 S.E. 8; Pate v. Pate, 201 N.C. 402, 160 S.E. 450. (5) The court found the sale for $45,000.00 was for the best interest of the ward. The petitioner had obtained an offer for the private purchase for $45,000.00 which he had asked the court to authorize and to approve. He is not in a position to complain.
Ordinarily discussion respecting the disposition of the purchase price received for the property would not be required. However, in this instance one of the interested parties is incompetent. She is under guardianshipa ward of the court. That part of the court's order with respect to the division of the fund does not seem to be authorized. Having held the involuntary sale of the lands does not destroy the tenancy by the entireties, but merely transfers the rights of the tenants from the land to the fund, we call the Superior Court's attention to these legal principles: The husband is under the legal duty to support his wife. Ritchie v. White, 225 N.C. 450, 35 S.E.2d 414. During marriage he is entitled to control and to receive the rents and profits from property held by entireties. In Re Estate of Perry, 256 N.C. 65, 123 S.E. 2d 99; Nesbitt v. Fairview Farms, 239 N.C. 481, 80 S.E.2d 472. The law applicable to the fund in this instance, therefore, gives the husband the right to control. The income from it is his, but he must support himself and his wife. He may not invade the corpus of the fund except to the extent his income from all sources is insufficient for his wife's and his own needs. Otherwise he holds the corpus of the fund as trustee for the survivor unless the wife be restored to competency, in which event the parties, acting together, may make a legal disposition. The discretion given the court by G.S. 35-17 is limited to the protection of the incompetent's interests. The power to dissolve the rights of survivorship incident to the entireties estate is not within the court's discretion. The wisdom of an estate by entireties may be debatable. Nevertheless the principle is firmly imbedded in our decisions, and a wife's right to take all if she survives was vested in her by the original conveyance. Woolard v. Smith, 244 N.C. 489, 94 S.E.2d 466.
The order entered on November 3, 1962, is vacated. Unless the sale is set aside for mistake, fraud, or collusion, the purchasers, Hilda P. Pearce and husband, Marshall E. Pearce, upon the payment of the purchase price, are entitled to a deed from the commissioners. The Superior Court still holds the fund. Disposition of it will be in accordance with applicable law.
Error and remanded.
*662 PARKER, Justice (concurring in the majority opinion).
The court below made an erroneous adjudication in respect to the vitally important question of the distribution of the proceeds of the sale of the estate by the entirety, as clearly set forth in the majority opinion. To remand this special proceeding to the superior court without deciding that question would probably result in a similar erroneous adjudication which would necessitate another appeal to this Court, the cost and expenses of which would impair the corpus of the estate by the entirety. Florence Johnson Perry is an incompetent person, and as such it is unquestionable that she is a ward of the superior court of Franklin County which has full equitable powers and jurisdiction of her person. It is the special duty of this court having such jurisdiction to conserve her estate by the entirety. 44 C.J.S. Insane Persons §§ 57 and 79. What was said in Latta v. Trustees of the General Assembly of the Presbyterian Church, 213 N.C. 462, 196 S.E. 862, in respect to infants is equally applicable in respect to incompetents like Florence Johnson Perry:
"In all suits or legal proceedings of whatever nature, in which the personal or property rights of a minor are involved, the protective powers of a court of chancery may be invoked whenever it becomes necessary to fully protect such rights. When necessary the courts will go so far as to take notice ex mero motu that the rights of infants are endangered and will take such action as will properly protect them."
"Normally questions not determinative of the appeal are not decided," but in this instance I feel that the majority opinion is not only justified in stating the law applicable to the fund in this case, which is a pure question of law, but that this court should do so to discharge its duty to a ward of the court in order to conserve the estate by the entirety for the benefit of the incompetent. I find precedent for my opinion in De Bruhl v. Highway Commission, 245 N.C. 139, 95 S.E.2d 553; In re Davis, 248 N.C. 423, 103 S.E.2d 503.
BOBBITT, Justice (dissenting in part).
I agree that, for the reasons stated in the majority opinion, the order of November 3, 1962, should be vacated.
I do not agree that the proceeds from a sale of real estate authorized and consummated in accordance with GS Chapter 35, Article 4, are to be treated as real estate owned by husband and wife as an estate by entirety. These statutory provisions apply when the husband or the wife or both are mentally incompetent. In my view, the legal effect of such authorized and consummated sale is the same as if both husband and wife were competent and had made a voluntary sale and conveyance, that is, one-half of the proceeds becomes the separate property of each spouse. Under this view: (1) If the husband is the incompetent, the wife becomes the absolute owner of one-half and the husband's one-half is immediately available for the support of the incompetent husband and of his wife. (2) If the wife is the incompetent, she becomes the absolute owner of one-half and the husband's one-half is primarily liable for her support. (3) If both husband and wife are incompetent, the incompetent wife becomes the absolute owner of one-half and the husband's one-half is primarily liable for her support.
SHARP, J., joins in this opinion.
RODMAN, Justice (concurring in part).
High bidders at a judicial sale whose bid had been accepted by decree of confirmation are deprived of vested rights by an order entered without notice to them and without an opportunity to be heard. They appeal from the order setting aside the decree of confirmation. That appeal presents the single question: Were appellants entitled to notice and an opportunity to be heard? Justice Higgins, speaking for the *663 majority, answers in the affirmative. With this conclusion I am in complete agreement for the reasons so clearly stated by him.
Questions relating to the distribution of the proceeds of sale are not germane to the question presented by appellants. I think it unwise to express opinions on questions not raised by the appeal. It may be noted the parties who challenged the decree of confirmation have consented to the order of 3 November which orders a division of the proceeds of sale between the husband and wife. If in fact such division is for the best interest of the incompetent, no reason now occurs to me why the court should be deprived of the power to make such order.