LILLIE FULTON BRIDGES v. FRANK WILLARD BRIDGES

No. 7526DC977

(Filed 21 April 1976)

1. Appeal and Error § 6— interlocutory order — appeal subject to dismissal

    In an action for alimony *pendente lite,* permanent alimony and attorney fees, defendant's appeal from an order allowing plaintiff to enter the family home to remove bedroom furniture, personal clothing and effects, and jewelry and instructing both parties to refrain from disposing of any personal property pending disposition of the action is subject to dismissal since the order is clearly interlocutory, and even if valid, does not deny defendant a substantial right. G.S. 1-277; G.S. 7A-27.

2. Contempt of Court § 3; Divorce and Alimony § 18— invalid order for alimony pendente lite — refusal to obey — no basis for contempt proceeding

    In an action for alimony *pendente lite,* permanent alimony and attorney fees, the trial court's order requiring the transfer of certain personal property from the family home to plaintiff amounted to an attempt by the trial court to award the plaintiff alimony *pendente lite* and was therefore void, since the court had specifically concluded that plaintiff was not entitled to alimony *pendente lite;* therefore, it was error for the trial court to hold defendant in contempt for violating its invalid order, since an invalid judgment or order may not be the basis of a proceeding in contempt.

APPEAL by defendant from *Hicks* and *Robinson, Judges.* Orders entered 24 July 1975 and 9 September 1975 in District Court, MECKLENBURG County. Heard in the Court of Appeals 17 March 1976.

Bridges v. Bridges

This is a civil action by plaintiff wife against her husband for alimony pendente lite, permanent alimony, and attorney fees. On 24 June 1975, after a hearing on plaintiff's motion for alimony pendente lite, Judge Robinson entered an order in pertinent part as follows:

" . . . THE COURT CONCLUDES AS A MATTER OF LAW:

1. That the Plaintiff has sufficient funds on which to subsist until a final hearing of this matter and with which to employ counsel.

IT IS NOW, ORDERED, ADJUDGED AND DECREED as follows:

1. That plaintiff's request for alimony pendente lite and counsel fees are hereby denied.

2. That she is allowed to have her personal clothing out of house and 1 bedroom suit.

3. Neither party is to dispose of any personal property now in their possession, except money, during pendency of this action."

On 24 July 1975, a dispute having arisen between the parties as to which bedroom suit the plaintiff was empowered by the order to remove from the premises where the defendant resided, Judge Hicks entered another order in pertinent part as follows:

"[T]he Court makes the following findings of fact:

1. That by the terms of the Order of this Court dated June 24, 1975, the Plaintiff was entitled to remove certain property from the homeplace.

2. That this removal has not been accomplished.

IT IS NOW, THEREFORE, ORDERED, AJUDGED AND DECREED AS FOLLOWS:

1. That on Saturday, July 26, 1975, at 11:00 A.M., the Defendant shall make available to the Plaintiff the homeplace previously occupied by Plaintiff and Defendant so that the Plaintiff may remove the following items of personal property from that residence:

(a) The non-king size bedroom suit.

(b) All of the Plaintiff's personal clothing and personal effects.

(c) All of the Plaintiff's jewelry.

2. That the Court specifically reserves Judgment of ownership as to said personal property, and further orders that neither party may in any fashion dispose or destroy any property of the marriage."

The defendant gave notice of appeal from the 24 July 1975 order.

On 9 September 1975, after a hearing on plaintiff's second motion to have the defendant attached as for contempt for failing to comply with the July order, Judge Robinson found that the defendant willfully and without legal justification had failed to comply with the prior orders of the court and entered an order that defendant be imprisoned for 30 days. Defendant also appealed from this order.

On 21 October 1975, Judge Hicks and Judge Robinson entered an order consolidating the two cases on appeal.

*W. J. Chandler for plaintiff appellee.*

*James J. Caldwell for defendant appellant.*

HEDRICK, Judge.

[1] The appeal from the order dated 24 July 1975 is subject to dismissal since the order is clearly interlocutory, and even if invalid, does not deny defendant a substantial right. G.S. 1-277; G.S. 7A-27; *Funderburk v. Justice,* 25 N.C. App. 655, 214 S.E. 2d 310 (1975).

Even though the appeal from the order of 24 July must be dismissed, we must determine the validity of that order along with the order of 24 June 1975 to resolve the questions raised by the appeal from the order of 9 September 1975 holding the defendant in contempt.

G.S. 50-16.3 (a) provides:

"*Grounds for alimony pendente lite.*—(a) A dependent spouse who is a party to an action for absolute divorce, divorce from bed and board, annulment, or alimony without

divorce, shall be entitled to an order for alimony pendente lite when:

(1) It shall appear from all the evidence presented pursuant to G.S. 50-16.8(f), that such spouse is entitled to the relief demanded by such spouse in the action in which the application for alimony pendente lite is made, and

(2) It shall appear that the dependent spouse has not sufficient means whereon to subsist during the prosecution or defense of the suit and to defray the necessary expenses thereof."

G.S. 50-16.7(a) in pertinent part provides:

*"How alimony and alimony pendente lite paid; . . . .—*

(a) Alimony or alimony pendente lite shall be paid by lump sum payment, periodic payments, or by transfer of title or possession of personal property or any interest therein, or a security interest in or possession of real property, as the court may order. * * * "

The order dated 9 September holding the defendant in contempt was based on the finding that the defendant was "in violation of the prior Orders of the court." Obviously this finding refers to the orders of 24 June and 24 July 1975.

[2] Since the action was for alimony and the motion wherein the orders entered was for alimony pendente lite, we assume that the order transferring possession of the specific items and articles of personal property was an attempt by the judge to award the plaintiff alimony pendente lite by giving her possession of the personal property. However, the orders specifically concluded that plaintiff was not entitled to alimony pendente lite, and the facts found by the judge support that conclusion. Having determined as a matter of law that the plaintiff was not entitled to alimony pendente lite, the District Court in this proceeding and on this record had no authority to order a transfer of the possession of the personal property described in the orders to the plaintiff. The orders of 24 June and 24 July 1975 are invalid on the face of this record.

An invalid judgment or order may not be the basis of a proceeding in contempt. *In re Burton,* 257 N.C. 534, 126 S.E. 2d 581 (1962); *Patterson v. Patterson,* 230 N.C. 481, 53 S.E. 2d 658 (1949); *In re Longley,* 205 N.C. 488, 171 S.E. 788

(1933). Thus, since the orders dated 24 June and 24 July 1975, which the court found the defendant had failed to comply with, were not lawfully issued and are invalid as a matter of law, the judgment finding and holding the defendant in contempt and ordering him to be imprisoned for 30 days is likewise invalid and must be vacated.

The result is: The appeal from the order dated 24 July 1975 is dismissed; the order dated 9 September is vacated.

Dismissed in part; Vacated in part.

Judges MORRIS and ARNOLD concur.